Electronically FILED by Superior Court of California, County of Los Angeles on 11/18/2022 12:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
Case 2:23-cv-03548-HDV-MAR    Document 1-1    Filed 05/09/23    Page 1 of 8    Page ID #:5
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jill Feeney

Michael Karns, Esq. (SBN 232256)
William Karns, Esq. (SBN 238599)
Darren T. McBratney, Esq. (SBN 268622)
Karns & Karns, LLP
800 W. 6th St., Ste. 800
Los Angeles, CA 90017
Tel: (310) 623-9032
Fax: (310) 623-9033
Email: firm@karnsandkarns.com

Attorneys for Plaintiff RAMIRO GONZALEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| RAMIRO GONZALEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 22STCV36523<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1. NEGLIGENCE (PREMISES LIABILITY)**<br><br>AMOUNT IN CONTROVERSY EXCEEDS $25,000.00<br><br>DEMAND FOR JURY TRIAL |

Comes Now Plaintiff, RAMIRO GONZALEZ, an individual, (hereinafter "Plaintiff"), in this Complaint for causes of action against Defendants, THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 through 50, inclusive, and each of them, complains and alleges as follows:

1.    The claims set forth herein arise from an incident that occurred on or about July 11, 2022, in the City of Los Angeles, County of Los Angeles, California (hereinafter "SUBJECT INCIDENT"), which caused severe personal injury to Plaintiff RAMIRO GONZALEZ.

1

COMPLAINT FOR DAMAGES

2.      At all times relevant and mentioned herein, Plaintiff was and still is a resident of Los Angeles County, California.

3.      Plaintiff is informed, believes, and thereon alleges that Defendant THE SWIG COMPANY, LLC, (hereinafter "SWIG") was, and is, a Delaware limited liability company, with its Headquarters and principal place of business located in the City of San Francisco, California, authorized to do, has regularly done, and is doing, business as a property management company within the County of Los Angeles, California.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant MEI CHOU, an individual, (hereinafter "CHOU") was at all relevant times an employee and Manager of SWIG located at 6300 Wilshire Boulevard, Suite 140, Los Angeles, California, and was, and is, a resident of the County of Los Angeles, California.

5.      Plaintiff is informed, believes, and thereon alleges that Defendant BRITTCO WALL SYSTEMS, INC., (hereinafter "BRITTCO") was, and is, a California corporation, with its Headquarters and principal place of business located at 2101 W. Crescent Ave., Suite G & H, Anaheim, California, authorized to do, has regularly done, and is doing, business as a construction company within the County of Los Angeles, California.

6.      Plaintiff is informed and believes, and thereon alleges, that Defendant MAY LUONG, an individual, (hereinafter "LUONG") was at all relevant times an employee and Office Manager of BRITTCO and was, and is, a resident of the County of Los Angeles, California.

7.      Plaintiff is informed and believes, and thereon alleges, that DOE 1, an individual, was at all relevant times an employee of SWIG in the course and scope of his employment, and was hired, trained and supervised by CHOU.  Plaintiff is also informed and believes, and thereon alleges, that DOE 1 was and is a resident of the County of Los Angeles, California.

8.      Plaintiff is informed and believes, and thereon alleges, that DOE 1-10, individuals, were at all relevant times an employee of Defendants in the course and scope of their employment, and hired, trained and supervised by Defendants.  Plaintiff is also informed and

2

COMPLAINT FOR DAMAGES

believes, and thereon alleges, that DOE 1-10 were and are residents of the County of Los Angeles, California.

9.    The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff.  Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff.  Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

10.    Plaintiff is informed, believes, and thereon alleges that at all times relevant and mentioned herein, Defendants, including DOES 1 through 50, inclusive, and each of them, were the agents, servants, partners, employees and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them, was acting within the course, scope and authority of said agency, partnership, employment and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venture. Furthermore, that each said Defendant, while acting as a principal expressly directed, consented to, approved, affirmed and ratified each and every action taken by his co-Defendants, as hereinafter alleged.  Plaintiff is informed, believes, and thereon alleges that said fictitiously named Defendants, and each of them, engaged in the same or similar conduct as the named Defendants, thereby proximately causing Plaintiff's injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants or employees, or due to their ownership, control, inspection, rental, leasing, use, repair, and/or maintenance of the property where the SUBJECT INCIDENT took place, or in some other manner.

COMPLAINT FOR DAMAGES

11.     Plaintiff is informed, believes, and thereon alleges that, at all times relevant and mentioned herein, Defendants' duties of care to Plaintiff stated herein and otherwise, arose out of a special relationship, and/or Defendants' conduct involved a special or peculiar risk of harm, and/or Defendants were operating under a public authority or franchise and were subject to regulations enacted for the protection of the Plaintiff and general public, and therefore Defendants' duties are non-delegable.  Plaintiff is informed, believes, and thereon alleges that Defendants' breaches of those non-delegable duties proximately caused Plaintiff's injuries and damages set forth herein.

12.     At all times herein mentioned, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 1 through 50, inclusive, and each of them, were in possession of, leased, maintained, managed, repaired, occupied, cleaned, controlled and owned a certain property located at 6300 Wilshire Boulevard, Los Angeles, California 90048, more commonly known as "THE SWIG COMPANY" (hereinafter, "the SUBJECT PREMISES").

13.     At all times herein mentioned, defendant CHOU was the Asset Manager at the SUBJECT PREMISES and was responsible for the hiring, training and supervision of all employees at the SUBJECT PREMISES.

14.     At all times herein mentioned, defendant LUONG was the Office Manager at the SUBJECT PREMISES and was responsible for the hiring, training and supervision of all employees at the SUBJECT PREMISES.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

**(By Plaintiff RAMIRO GONZALEZ against all Defendants; and**

**DOES 1 through 50, inclusive.)**

15.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

16.     At all times herein mentioned, defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 1 through 50, inclusive, and each of them, were the owners, partners and/or persons

4

COMPLAINT FOR DAMAGES

or entities responsible for maintaining the SUBJECT PREMISES, and the property located therein in a reasonably safe condition.

17.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, owed a duty of care to the public, including Plaintiff, in the hiring, retention, supervision and training of their agents, employees, servants, and/or independent contractors.

18.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, were negligent in the hiring, retention, supervision and/or training of Defendant DOES 1-10 in that Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, knew or should have known facts which would warn a reasonable person that Defendant DOES 1-10 presented an undue risk of harm to third persons in light of the particular work to be performed. In particular, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, knew or should have known that Defendant DOES 1-10 were unfit for the specific tasks to be performed during the course of his employment, namely attending to and assisting customers, and keeping the SUBJECT PREMISES in a reasonably safe condition.

19.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, were negligent by failing to provide any or sufficient training or supervision to Defendant DOES 1-10 after hiring them, and retained Defendant DOES 1-10 as an employee for job performance which mainly included assisting and attending to the needs of customers, and keeping the SUBJECT PREMISES in a reasonably safe condition.

20.    Plaintiff is informed, believes, and thereon alleges that the aforementioned negligent hiring, retention, supervision and training of Defendant DOES 1-10 by Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 2 through 50, inclusive, directly, legally and proximately caused or was a substantial factor in causing the SUBJECT INCIDENT.

21.    On or about July 11, 2022, and prior thereto, the Defendants, and each of them, were responsible for maintaining and keeping safe the SUBJECT PREMISES.  At said time and

5

COMPLAINT FOR DAMAGES

place, Defendants, and each of them, negligently, carelessly and recklessly failed to maintain the SUBJECT PREMISES in a safe condition. Defendants further failed to post adequate warnings, all of which caused an unsafe and dangerous condition that created substantial risk for the type of injury hereinafter alleged.  Specifically, Defendants placed and left an overweight bulletproof door on a drywall/sheetrock dolly.  The dolly was never intended to be used to hold or deliver the bulletproof door and was only intended to be used for transporting drywall/sheetrock. Defendants left the overweight bulletproof door on the dolly unattended and knew or should have known that the dolly needed to be used for the transport of drywall/sheetrock.  Further, the Defendants knew or should have known that the overweight bulletproof door would need to be removed from the dolly to transport drywall/sheetrock.  Defendants knew or should have known that given its weight and dimensions removing the overweight bulletproof door from the dolly would constitute a dangerous condition with a substantial risk for causing injury.

22.     Defendants had actual inquiry and/or constructive knowledge of the above-described dangerous condition and knew or should have known of the dangerous condition in sufficient time prior to or on July 11, 2022, as the condition was created by the Defendants and/or had existed for a sufficient period of time, in the exercise of due care, the Defendants should have discovered the dangerous character of said condition and taken reasonable measures to make said condition safe.

23.     The SUBJECT INCIDENT occurred on or about July 11, 2022, when Plaintiff was lawfully on the above-described premises, and as a direct and proximate result of the above-described dangerous condition, randomly and carelessly placed a large bulletproof door on Plaintiff's dolly used to load drywall. As Plaintiff tried to move the door off the dolly, the door fell on Plaintiff's foot, causing Plaintiff the injuries and damages as hereinafter set forth.

24.     As a legal, direct, and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff was injured and hurt in Plaintiff's health, strength and activity, sustaining serious injuries to Plaintiff's body, including neurological injury, and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering.  Plaintiff is further

6

COMPLAINT FOR DAMAGES

informed, believes, and thereon alleges that said injuries will result in some permanent disability to Plaintiff, all to Plaintiff's general damage in an amount which will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

25. As a legal, direct and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff was prevented from attending Plaintiff's usual occupation and/or Plaintiff is informed and believes, and thereon alleges, that Plaintiff will be prevented from fully attending to Plaintiff's occupation in the future, and thereby will also sustain a loss of earning capacity and loss of opportunity, in addition to lost earnings, past, present and future according to proof, pursuant to California Code of Civil Procedure Section 425.10.

26. As a legal, direct, and proximate result of the conduct of the Defendants, and each of them, Plaintiff was compelled to and did employ the services of health care providers to care for and treat Plaintiff, and did incur medical and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that by reason of Plaintiff's injuries, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff, RAMIRO GONZALEZ, an individual, hereby prays for judgment against Defendants THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 to 50, inclusive, and each of them, as follows:

1. For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

7

COMPLAINT FOR DAMAGES

2.    For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3.    For prejudgment interest, according to proof;

4.    For costs of suit incurred herein, according to proof;

5.    For injunctive relief the Court may deem just and proper; and

6.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff, RAMIRO GONZALEZ, an individual, hereby demands a trial by jury as to all causes of action.

Dated: November 18, 2022                         Karns & Karns, LLP

By: _____
Darren T. McBratney
Attorney for Plaintiff, RAMIRO
GONZALEZ

COMPLAINT FOR DAMAGES