Electronically FILED by Superior Court of California, County of Los Angeles on 03/22/2023 04:13 PM David W. Slayton, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

**SCHUMANN ROSENBERG & AREVALO LLP**
ERIC AREVALO (CSB No. 255725)
*Arevalo@SchumannRosenberg.com*
LISA MERSEREAU (CSB No. 170942)
*Mersereau@SchumannRosenberg.com*
3100 Bristol Street, Suite 100
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile (714) 850-0551

Attorneys for Defendants/Cross-Complainants, THE SWIG COMPANY, LLC, a Delaware limited liability Company, and MEI CHOU, an individual

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE

| | |
|---|---|
| RAMIRO GONZALEZ, an Individual<br><br>Plaintiff,<br><br>v.<br><br>THE SWIG COMPANY, LLC, a Delaware limited liability Company; BRITTCO WALL SYSTEMS, INC., a California Corporation; MEI CHOU, an Individual; MAY LOUNG, an Individual; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.    22STCV36523<br>Judge:    Hon. Jill Feeney<br>Department    30<br><br>**CROSS-COMPLAINT BY THE SWIG COMPANY, LLC AND MEI CHOU**<br><br>Date Action Filed:    November 18, 2022<br>Trial Date:    May 17, 2024 |
| THE SWIG COMPANY, LLC, a Delaware limited liability Company and MEI CHOU, an individual<br><br>Cross-Complainants,<br><br>v.<br><br>BRITTCO WALL SYSTEMS, INC., a California Corporation; MAY LOUNG, an Individual; CONSULATE GENERAL OF IRELAND - LA; FAR WEST CONTRACTORS, CORP.; and ROES 1 through 25, inclusive<br><br>Cross-Defendants. | |

-1-

**CROSS-COMPLAINT BY THE SWIG COMPANY, LLC AND MEI CHOU**

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**COME NOW**, Defendants/Cross-Complainants, THE SWIG COMPANY, LLC and MEI CHOU (collectively, "Cross-Complainants"), which hereby allege this Cross-Complaint against Cross-Defendants, BRITTCO WALL SYSTEMS, INC. ("BRITTCO"), a California Corporation; MAY LOUNG, an Individual; CONSULATE GENERAL OF IRELAND - LA; FAR WEST CONTRACTORS, CORP. ("FAR WEST"); and ROES 1-25, inclusive as follows:

## FIRST CAUSE OF ACTION

**(For Equitable/Implied Indemnity Against All Named Cross-Defendants and ROES 1-25)**

1. Cross-Complainant, THE SWIG COMPANY, LLC ("SWIG") is now, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Delaware with its headquarters and principal place of business located in San Francisco, California, authorized to do business and doing business as a property management company in the County of Los Angeles, California.

2. Cross-Complainant, MEI CHOU ("CHOU"), is and at all relevant times was an employee and Asset Manager of SWIG located at 6300 Wilshire Boulevard, Suite 140, Los Angeles, California, and is a resident of the County of Los Angeles, California.

3. Cross-Complainants are informed and believe and thereon allege that Cross-Defendant BRITTCO was, and is, a California corporation with its headquarters and principal place of business located at 2101 W, Crescent Avenue, Suites G & H, Anaheim, California, and authorized to do, has regularly done, and is doing business as a construction company in the County of Los Angeles, California.

4. Cross-Complainants are informed and believe and thereon allege that Cross-Defendant, MAY LOUNG, was at all relevant times an employee and Office Manager of BRITTCO and was, and is, a resident of the County of Los Angeles, California.

5. Cross-Complainants are informed and believe and thereon allege that Cross-Defendant, CONSULATE GENERAL OF IRELAND - LA, was, and is, an official representative of the Government of the Republic of Ireland, with its headquarters and principal place of business located at 6300 Wilshire Boulevard, Suite 1440, Los Angeles, California, authorized to do, has

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

-2-

regularly done, and is doing, business within the County of Los Angeles, California.

6. Cross-Complainants are informed and believe and thereon allege that Cross-Defendant, FAR WEST, was, and is, a California corporation with its headquarters and principal place of business located at 1031 S. Melrose St., Placentia, California, and authorized to do, has regularly done, and is doing business as a construction company in the County of Los Angeles, California.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of Cross-Defendants, ROES 1 through 25, inclusive, are unknown to Cross-Complainants, which, therefore, sue said Cross-Defendants by such fictitious names and will ask leave of court to show their true names and capacities when the same have been ascertained. Cross-Complainants are informed and believe and thereupon allege that each of said Cross-Defendants are, negligently or in some other actionable manner, legally responsible for proximately causing the events, happenings and occurrences referred to herein.

8. Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants, ROES 1 through 25, inclusive, and each of them, are individuals, business entities and/or governmental entities doing business or located in the State of California.

9. Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants, and each of them, were the agents and/or employees, co-venturers, partners, or in some other manner agents and/or principals for each other and acting within the course and scope of said agency and/or employment.

10. Plaintiff's action, the principal action herein, alleges, among other things, tortious conduct allegedly entitling Plaintiff to compensatory damages against Cross-Complainants. Plaintiff was allegedly damaged as described in the operative Complaint on file herein, and Cross-Complainants herein contend and continue to contend that they are in no way actionably liable for the events and occurrences, tortious and otherwise, alleged in Plaintiff's operative Complaint, a copy of which is attached hereto as **Exhibit "A"** for reference purposes only and is incorporated herein by reference as though fully set forth.

11. If it is adjudicated that Plaintiff was damaged as alleged in the operative Complaint,

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

-3-

CROSS-COMPLAINT BY THE SWIG COMPANY, LLC AND MEI CHOU

which supposition is not admitted and is denied, then Cross-Complainants are informed and believe and thereupon allege that the alleged incident and all damages complained of were caused directly and proximately by Cross-Defendants thereby breaching duties owed to Cross-Complainants. Accordingly, Cross-Complainants hereby give notice to and tender their defense against Plaintiff's Operative Complaint and all causes of action and claims therein to all named Cross-Defendants and ROES 1-25, inclusive, pursuant to Code of Civil Procedure section 1021.6.

12.     That by reason of the foregoing, if Plaintiff is entitled to recover against Cross-Complainants on the basis of any of the allegations alleged, which is denied by Cross-Complainants, then the responsibilities of Cross-Complainants, if any, are vicarious in nature and, Cross-Complainants, as passive and secondary alleged tortfeasors, are entitled to judgment over and against Cross-Defendants, and each of them, to the extent of such recovery by Plaintiff in that it was the active and primary negligence of said Cross-Defendants, and each of them, which caused Plaintiff to be damaged.

**SECOND CAUSE OF ACTION**

**(For Contribution/Apportionment of Fault Against All Named Cross-Defendants and ROES 1-25)**

13.     Cross-Complainants refer to and incorporate herein by reference each and every paragraph of the above First Cause of Action as though set forth herein in full.

14.     Cross-Complainants are named Defendants in the above-entitled action filed by Plaintiff.

15.     Cross-Complainants are informed and believe and thereupon allege that each of the Cross-Defendants were negligently or otherwise tortiously responsible, in whole or in part, in some proportional relation to themselves and to Cross-Complainants, for the injuries, if any, allegedly suffered by Plaintiff. Further, that in the event Cross-Complainants be judged jointly liable with Cross-Defendants, that each Cross-Defendant herein be required to pay to Cross-Complainants a sum equal to the proportionate share of monetary payments, if any there be, made to Plaintiff.

16.     Further, that if Cross-Complainants are found partially responsible to Plaintiff for damages and if Cross-Complainants are required to pay Plaintiff any amount in excess of the degree

-4-

**CROSS-COMPLAINT BY THE SWIG COMPANY, LLC AND MEI CHOU**

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

of comparative fault of Cross-Complainants, if any, then Cross-Complainants are entitled to recover from Cross-Defendants, and each of them, the amount of said excess paid.

### THIRD CAUSE OF ACTION

**(For Declaratory Relief Against All Named Cross-Defendants and ROES 1-25)**

17. Cross-Complainants refer to and incorporate herein by reference, each and every paragraph of the First and Second Causes of Action as though set forth herein in full.

18. An actual controversy has arisen and exists between Cross-Complainants and Cross-Defendants, and each of them, for which Cross-Complainants have no adequate or speedy remedy at law in that Cross-Complainants assert that they are entitled to be indemnified by Cross-Defendants, and each of them, and Cross-Defendants deny that Cross-Complainants are entitled to such indemnification.

### FOURTH CAUSE OF ACTION

**(For Breach of Contract Against Cross-Defendants,**

**CONSULATE GENERAL OF IRELAND – LA and ROES 11-25)**

19. Cross-Complainants refer to and incorporate herein by reference each and every paragraph of the above First, Second and Third Causes of Action as though set forth herein in full.

20. Cross-Complainants are informed and believe and thereupon allege that they entered into a contract or contracts with CONSULATE GENERAL OF IRELAND – LA and ROES 11 through 25, or one or more of them, which contract or contracts pertain to the incident which is the subject of Plaintiff's action herein.

21. Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants, or one or more of them, in said contract or contracts promised to obtain general liability insurance pursuant to their respective contracts, with specified limits of liability that provided coverage for contractually assumed liability, among other things. Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants also promised to obtain endorsements to those policies of insurance naming Cross-Complainants as additional insureds with respect to liability arising out of Cross-Defendants' negligence. Cross-Complainants are further informed and

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

believe and thereupon allege that Cross-Defendants promised to defend and indemnify Cross-Complainants for any and all actions, costs, claims, losses, expenses and/or damages, including, but not limited to reasonable attorneys' fees.

22.     Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants, and each of them, have breached the contracts by, among other things, failing to procure the required insurance, failing to take the required actions to make Cross-Complainants additional insureds on the subject insurance policies, and failing and/or refusing to defend and indemnify Cross-Complainants in this action.

23.     As a direct and proximate result of Cross-Defendants' breaches of contract, Cross-Complainants have been damaged in a sum that is currently unascertainable, but which will be established according to proof at trial.

### FIFTH CAUSE OF ACTION

**(For Express Contractual Indemnity Against Cross-Defendants,**

**CONSULATE GENERAL OF IRELAND - LA and ROES 11-25)**

24.     Cross-Complainants refer to and incorporate herein by reference each and every paragraph of the above First, Second, Third, and Fourth Causes of Action as though set forth herein in full.

25.     Cross-Complainants are informed and believe and thereupon allege that they entered into a written agreement or agreements with Cross-Defendants, CONSULATE GENERAL OF IRELAND - LA and ROES 11 through 25, or one or more of them, which state, among other things, that said Cross-Defendants will indemnify and hold Cross-Complainants harmless and defend them from and against any and all liabilities, damages, actions, costs, losses, claims, and expenses on account of personal injury, losses, damages, injuries and/or liabilities caused by CONSULATE GENERAL OF IRELAND - LA and ROES 11 through 25, and their directors, officers, managers, members, employees, and agents.

26.     Plaintiff in his operative Complaint alleges that he has suffered losses and damages caused by, incident to, or growing out of the acts or omissions of Cross-Defendants, CONSULATE GENERAL OF IRELAND - LA and ROES 11-25. Accordingly, pursuant to such written agreement

-6-

**CROSS-COMPLAINT BY THE SWIG COMPANY, LLC AND MEI CHOU**

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

or agreements, Cross-Complainants are entitled to be indemnified, defended, and held harmless by CONSULATE GENERAL OF IRELAND - LA and ROES 11-25, and each of them, as set forth in said agreement or agreements.

27.    Cross-Complainants have fully performed all conditions, covenants, and promises required by them to be performed in accordance with the terms and conditions of the written agreement or agreements with Cross-Defendants, CONSULATE GENERAL OF IRELAND - LA and ROES 11 through 25.

28.    Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants, CONSULATE GENERAL OF IRELAND - LA and ROES 11-25, and each of them, have breached their obligations under the written agreement or agreements, where they have failed and refused, and continue to fail and refuse, to fulfill and perform their obligations under said agreement or agreements to defend, indemnify, and hold Cross-Complainants free and harmless from and against any claims, losses, damages, expenses and liabilities with regard to the claims made by Plaintiff in his operative Complaint in the within action.

29.    By Plaintiff's operative Complaint described herein, Plaintiff alleges personal injuries and related damages arising out of an incident which is the subject of Plaintiff's operative Complaint. Cross-Complainants have complied with all of their obligations under the written agreement or agreements with Cross-Defendants. Cross-Defendants negligently carried out their contractual and other duties, thus causing Plaintiffs' claimed injuries and damages. To date, Cross-Defendants have failed and refused to, and continue to fail and refuse to, abide by their contractual obligations to defend and indemnify Cross-Complainants with respect to the claims asserted by Plaintiff herein.

30.    Cross-Complainants have incurred and continue to incur costs, attorneys' fees, and related expenses to defend against Plaintiff's claims asserted herein, which Cross-Defendants, CONSULATE GENERAL OF IRELAND - LA and ROES 11- 25 are obligated to pay. Moreover, in the event of a trial on Plaintiff's claims herein, if Plaintiff's contentions and allegations are established as true, Cross-Complainants may be damaged as a result of the acts and omissions of the applicable Cross-Defendants by being compelled to pay a judgment rendered in favor of Plaintiff

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

-7-

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

which judgment should, in law and equity, be paid and borne by the applicable Cross-Defendants. Cross-Complainants will also be damaged by the acts and omissions of said Cross-Defendants by being required to further incur costs of suit, including, but not limited to, costs of defense, attorneys' fees, and related expenses through trial.

31.     Cross-Complainants hereby demand that the applicable Cross-Defendants indemnify and hold Cross-Complainants harmless; assume the defense of this action on behalf of Cross-Complainants; take such necessary and required acts to protect Cross-Complainants; and pay all claims, settlements, judgments, costs, attorneys' fees, and related expenses, pursuant to the terms of the written agreement or agreements.

**WHEREFORE**, Cross-Complainants pray for judgment as follows:

### ON THE FIRST CAUSE OF ACTION

1.     For judgment over and against Cross-Defendants, and each of them, for all sums that may be adjudged against Cross-Complainants in favor of Plaintiff by reason of the operative Complaint herein.

### ON THE SECOND CAUSE OF ACTION

2.     For judgment over and against Cross-Defendants, and each of them, for an amount in excess of Cross-Complainants' proportionate degree of comparative fault, if any, for the damages to Plaintiff, if any.

### ON THE THIRD CAUSE OF ACTION

3.     That the Court determine, adjudge, declare and decree the proportionate degrees of comparative fault, if any, of each party, and that Cross-Complainants are entitled to indemnification from Cross-Defendants, and each of them, for any sum or sums that Cross-Complainants may come to pay by virtue of the actions brought against them on file herein, including reasonable attorneys' fees and costs of defense.

### ON THE FOURTH AND FIFTH CAUSES OF ACTION

4.     For a judicial determination that Cross-Defendants, CONSULATE GENERAL OF IRELAND – LA and ROES 11- 25, are obligated to defend and indemnify Cross-Complainants for their defense of and liability to Plaintiff's underlying action, and for an award of damages according

-8-

to proof.

## ON ALL CAUSES OF ACTION

5.      For attorneys' fees, expert consultants' and expert witnesses' fees, and other costs of suit and disbursements incurred herein;

6.      For interest at the legal rate in regard to the costs of suit and disbursements incurred herein; and

7.      For such other and further relief as this honorable Court may deem just and proper.

DATED: March 22, 2023                    SCHUMANN ROSENBERG & AREVALO LLP

By: _____
Eric Arevalo, Esq.
Lisa Mersereau, Esq.
Attorneys for Defendants/Cross-Complainants,
THE SWIG COMPANY LLC, a Delaware
limited liability Company, and MEI CHOU, an
individual

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

-9-

**CROSS-COMPLAINT BY THE SWIG COMPANY, LLC AND MEI CHOU**

**Exhibit "A"**

Electronically FILED by Superior Court of California, County of Los Angeles on 11/18/2022 12:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV36523

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:** THE SWIG COMPANY, LLC, a Delaware limited
**(AVISO AL DEMANDADO):** liability company; BRITTCO WALL SYSTEMS,
INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an
individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

RAMIRO GONZALEZ, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV36523 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Karns (SBN 232256); William Karns (SBN 238599); Darren T. McBratney (SBN 268622)
Karns & Karns, LLP, 800 W. 6th Street, Suite 800, Los Angeles, CA 90017; (310) 623-9032

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* 11/18/2022 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by<br>*(Secretario)* ___Y. Tarasyuk___ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* THE SWIG COMPANY, LLC, a Delaware limited liability company
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

Electronically FILED by Superior Court of California, County of Los Angeles on 11/18/2022 12:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV36523

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jill Feeney

Michael Karns, Esq. (SBN 232256)
William Karns, Esq. (SBN 238599)
Darren T. McBratney, Esq. (SBN 268622)
Karns & Karns, LLP
800 W. 6th St., Ste. 800
Los Angeles, CA 90017
Tel: (310) 623-9032
Fax: (310) 623-9033
Email: firm@karnsandkarns.com

Attorneys for Plaintiff RAMIRO GONZALEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| RAMIRO GONZALEZ, an individual, | Case No. 22STCV36523 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES FOR:** |
| THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 through 50, inclusive, | **1. NEGLIGENCE (PREMISES LIABILITY)** |
| | AMOUNT IN CONTROVERSY EXCEEDS $25,000.00 |
| Defendant. | DEMAND FOR JURY TRIAL |

Comes Now Plaintiff, RAMIRO GONZALEZ, an individual, (hereinafter "Plaintiff"), in this Complaint for causes of action against Defendants, THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 through 50, inclusive, and each of them, complains and alleges as follows:

1.    The claims set forth herein arise from an incident that occurred on or about July 11, 2022, in the City of Los Angeles, County of Los Angeles, California (hereinafter "SUBJECT INCIDENT"), which caused severe personal injury to Plaintiff RAMIRO GONZALEZ.

2.      At all times relevant and mentioned herein, Plaintiff was and still is a resident of Los Angeles County, California.

3.      Plaintiff is informed, believes, and thereon alleges that Defendant THE SWIG COMPANY, LLC, (hereinafter "SWIG") was, and is, a Delaware limited liability company, with its Headquarters and principal place of business located in the City of San Francisco, California, authorized to do, has regularly done, and is doing, business as a property management company within the County of Los Angeles, California.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant MEI CHOU, an individual, (hereinafter "CHOU") was at all relevant times an employee and Manager of SWIG located at 6300 Wilshire Boulevard, Suite 140, Los Angeles, California, and was, and is, a resident of the County of Los Angeles, California.

5.      Plaintiff is informed, believes, and thereon alleges that Defendant BRITTCO WALL SYSTEMS, INC., (hereinafter "BRITTCO") was, and is, a California corporation, with its Headquarters and principal place of business located at 2101 W. Crescent Ave., Suite G & H, Anaheim, California, authorized to do, has regularly done, and is doing, business as a construction company within the County of Los Angeles, California.

6.      Plaintiff is informed and believes, and thereon alleges, that Defendant MAY LUONG, an individual, (hereinafter "LUONG") was at all relevant times an employee and Office Manager of BRITTCO and was, and is, a resident of the County of Los Angeles, California.

7.      Plaintiff is informed and believes, and thereon alleges, that DOE 1, an individual, was at all relevant times an employee of SWIG in the course and scope of his employment, and was hired, trained and supervised by CHOU. Plaintiff is also informed and believes, and thereon alleges, that DOE 1 was and is a resident of the County of Los Angeles, California.

8.      Plaintiff is informed and believes, and thereon alleges, that DOE 1-10, individuals, were at all relevant times an employee of Defendants in the course and scope of their employment, and hired, trained and supervised by Defendants. Plaintiff is also informed and

2

COMPLAINT FOR DAMAGES

believes, and thereon alleges, that DOE 1-10 were and are residents of the County of Los Angeles, California.

9.    The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

10.    Plaintiff is informed, believes, and thereon alleges that at all times relevant and mentioned herein, Defendants, including DOES 1 through 50, inclusive, and each of them, were the agents, servants, partners, employees and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them, was acting within the course, scope and authority of said agency, partnership, employment and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venture. Furthermore, that each said Defendant, while acting as a principal expressly directed, consented to, approved, affirmed and ratified each and every action taken by his co-Defendants, as hereinafter alleged. Plaintiff is informed, believes, and thereon alleges that said fictitiously named Defendants, and each of them, engaged in the same or similar conduct as the named Defendants, thereby proximately causing Plaintiff's injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants or employees, or due to their ownership, control, inspection, rental, leasing, use, repair, and/or maintenance of the property where the SUBJECT INCIDENT took place, or in some other manner.

3

COMPLAINT FOR DAMAGES

11.    Plaintiff is informed, believes, and thereon alleges that, at all times relevant and mentioned herein, Defendants' duties of care to Plaintiff stated herein and otherwise, arose out of a special relationship, and/or Defendants' conduct involved a special or peculiar risk of harm, and/or Defendants were operating under a public authority or franchise and were subject to regulations enacted for the protection of the Plaintiff and general public, and therefore Defendants' duties are non-delegable.  Plaintiff is informed, believes, and thereon alleges that Defendants' breaches of those non-delegable duties proximately caused Plaintiff's injuries and damages set forth herein.

12.    At all times herein mentioned, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 1 through 50, inclusive, and each of them, were in possession of, leased, maintained, managed, repaired, occupied, cleaned, controlled and owned a certain property located at 6300 Wilshire Boulevard, Los Angeles, California 90048, more commonly known as "THE SWIG COMPANY" (hereinafter, "the SUBJECT PREMISES").

13.    At all times herein mentioned, defendant CHOU was the Asset Manager at the SUBJECT PREMISES and was responsible for the hiring, training and supervision of all employees at the SUBJECT PREMISES.

14.    At all times herein mentioned, defendant LUONG was the Office Manager at the SUBJECT PREMISES and was responsible for the hiring, training and supervision of all employees at the SUBJECT PREMISES.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(By Plaintiff RAMIRO GONZALEZ against all Defendants; and**

**DOES 1 through 50, inclusive.)**

15.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

16.    At all times herein mentioned, defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 1 through 50, inclusive, and each of them, were the owners, partners and/or persons

or entities responsible for maintaining the SUBJECT PREMISES, and the property located therein in a reasonably safe condition.

17.     Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, owed a duty of care to the public, including Plaintiff, in the hiring, retention, supervision and training of their agents, employees, servants, and/or independent contractors.

18.     Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, were negligent in the hiring, retention, supervision and/or training of Defendant DOES 1-10 in that Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, knew or should have known facts which would warn a reasonable person that Defendant DOES 1-10 presented an undue risk of harm to third persons in light of the particular work to be performed. In particular, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, knew or should have known that Defendant DOES 1-10 were unfit for the specific tasks to be performed during the course of his employment, namely attending to and assisting customers, and keeping the SUBJECT PREMISES in a reasonably safe condition.

19.     Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, were negligent by failing to provide any or sufficient training or supervision to Defendant DOES 1-10 after hiring them, and retained Defendant DOES 1-10 as an employee for job performance which mainly included assisting and attending to the needs of customers, and keeping the SUBJECT PREMISES in a reasonably safe condition.

20.     Plaintiff is informed, believes, and thereon alleges that the aforementioned negligent hiring, retention, supervision and training of Defendant DOES 1-10 by Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 2 through 50, inclusive, directly, legally and proximately caused or was a substantial factor in causing the SUBJECT INCIDENT.

21.     On or about July 11, 2022, and prior thereto, the Defendants, and each of them, were responsible for maintaining and keeping safe the SUBJECT PREMISES. At said time and

5

COMPLAINT FOR DAMAGES

place, Defendants, and each of them, negligently, carelessly and recklessly failed to maintain the SUBJECT PREMISES in a safe condition. Defendants further failed to post adequate warnings, all of which caused an unsafe and dangerous condition that created substantial risk for the type of injury hereinafter alleged. Specifically, Defendants placed and left an overweight bulletproof door on a drywall/sheetrock dolly. The dolly was never intended to be used to hold or deliver the bulletproof door and was only intended to be used for transporting drywall/sheetrock. Defendants left the overweight bulletproof door on the dolly unattended and knew or should have known that the dolly needed to be used for the transport of drywall/sheetrock. Further, the Defendants knew or should have known that the overweight bulletproof door would need to be removed from the dolly to transport drywall/sheetrock. Defendants knew or should have known that given its weight and dimensions removing the overweight bulletproof door from the dolly would constitute a dangerous condition with a substantial risk for causing injury.

22. Defendants had actual inquiry and/or constructive knowledge of the above-described dangerous condition and knew or should have known of the dangerous condition in sufficient time prior to or on July 11, 2022, as the condition was created by the Defendants and/or had existed for a sufficient period of time, in the exercise of due care, the Defendants should have discovered the dangerous character of said condition and taken reasonable measures to make said condition safe.

23. The SUBJECT INCIDENT occurred on or about July 11, 2022, when Plaintiff was lawfully on the above-described premises, and as a direct and proximate result of the above-described dangerous condition, randomly and carelessly placed a large bulletproof door on Plaintiff's dolly used to load drywall. As Plaintiff tried to move the door off the dolly, the door fell on Plaintiff's foot, causing Plaintiff the injuries and damages as hereinafter set forth.

24. As a legal, direct, and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff was injured and hurt in Plaintiff's health, strength and activity, sustaining serious injuries to Plaintiff's body, including neurological injury, and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering. Plaintiff is further

6

COMPLAINT FOR DAMAGES

informed, believes, and thereon alleges that said injuries will result in some permanent disability to Plaintiff, all to Plaintiff's general damage in an amount which will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

25. As a legal, direct and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff was prevented from attending Plaintiff's usual occupation and/or Plaintiff is informed and believes, and thereon alleges, that Plaintiff will be prevented from fully attending to Plaintiff's occupation in the future, and thereby will also sustain a loss of earning capacity and loss of opportunity, in addition to lost earnings, past, present and future according to proof, pursuant to California Code of Civil Procedure Section 425.10.

26. As a legal, direct, and proximate result of the conduct of the Defendants, and each of them, Plaintiff was compelled to and did employ the services of health care providers to care for and treat Plaintiff, and did incur medical and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that by reason of Plaintiff's injuries, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff, RAMIRO GONZALEZ, an individual, hereby prays for judgment against Defendants THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 to 50, inclusive, and each of them, as follows:

1. For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

7

COMPLAINT FOR DAMAGES

2.      For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3.      For prejudgment interest, according to proof;

4.      For costs of suit incurred herein, according to proof;

5.      For injunctive relief the Court may deem just and proper; and

6.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff, RAMIRO GONZALEZ, an individual, hereby demands a trial by jury as to all causes of action.

Dated: November 18, 2022                    Karns & Karns, LLP

By:     _____
        Darren T. McBratney
        Attorney for Plaintiff, RAMIRO
        GONZALEZ

8

COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**
*(C.C.P. §§1010.6, 1011, 1013, 1013a, 2015.5; Cal. Rules of Court, Rule 2.251(g))*

STATE OF CALIFORNIA       )
                         ) ss.
COUNTY OF LOS ANGELES     )

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law offices of Schumann Rosenberg & Arevalo, LLP, 3100 Bristol Street, Suite 100, Costa Mesa, CA 92626.

On March 22, 2023 I served the within document **CROSS-COMPLAINT BY THE SWIG COMPANY, LLC AND MEI CHOU** all interested parties in this action addressed as follows:

**<u>SEE ATTACHED SERVICE LIST</u>**

[ ]      **MAIL** - I enclosed the documents in a sealed envelope or package addressed to the person(s) at the addresses shown. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California, in the ordinary course of business. I am aware that upon motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

[ ]      **PERSONAL SERVICE** - Nationwide Legal personally delivered the document to the person(s) listed at the addresses shown.

[ ]      **OVERNIGHT DELIVERY -** I enclosed the document in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses shown. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[X]      **ELECTRONIC SERVICE** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I transmitted the document from electronic service address Savare@SchumannRosenberg.com to the person(s) at the electronic service address(es) shown.

[X]      **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 22, 2023, at Costa Mesa, California.

_____
Ashlyn Savare

**PROOF OF SERVICE**

**Service List For**
**Gonzalez v. The Swig Company, LLC, et al.**
**Los Angeles Superior Court Case No. 22STCV36523**

| | |
|---|---|
| Michael Karns, Esq.<br>William Karns, Esq.<br>Darren T. McBratney, Esq.<br>KARNS & KARNS, LLP<br>800 West 6th Street, Suite 800<br>Los Angeles, CA 90017<br>Telephone: (310) 623-9032<br>Fax: (310) 623-9033<br>Email: firm@karnsandkarns.com<br>Email: darren@karnsandkarns.com<br>Email: lucy@karnsandkarns.com | Counsel for Plaintiff, RAMIRO GONZALEZ |

**PROOF OF SERVICE**