Andreea Custurea (State Bar No. 297191)
acusturea@wshblaw.com
Edgar F. Navarrete (State Bar No. 322662)
enavarrete@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant/Cross-Defendant/Third-Party Plaintiff, FAR WEST CONTRACTORS, CORP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GONZALEZ, an individual, | Case No. 2:23-cv-03548 FLA (MARx) |
| Plaintiff, | **CROSS-DEFENDANT FAR WEST CONTRACTORS, CORP.'S THIRD PARTY COMPLAINT** |
| V. | |
| THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS; INC., a California corporation; MEl CHOU, an individual; MAY LUONG, an individual; and DOES I through 50, inclusive, | Action Filed:          11/18/2022 |
| Defendants, | |
| THE SWIG COMPANY, LLC, a Delaware Limited Liability Company, and MEI CHOU, an individual, | |
| Cross-Claimants, | |
| V . | |
| BRITTCO WALL SYSTEMS, INC., a California Corporation; MAY LOUNG, an Individual; CONSULATE GENERAL OF IRELAND - LA; FAR WEST CONTRACTORS, CORP.; and ROES 1 through 25, inclusive, | |
| Cross-Defendants. | |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

FAR WEST CONTRACTORS, CORP.,
a California corporation,

        Third-Party Plaintiff,

    V.

DAVE'S DOOR AND
HARDWARE, INC.;
ACCURATE DOOR
SOLUTIONS, INC.; and ZOES 1
through 50, Inclusive,

        Third-Party Defendants.

COMES NOW, Third-Party Plaintiff, FAR WEST CONTRACTORS, CORP. (hereafter "Far West"), and for causes of action against Third-Party Defendants, DAVE'S DOOR AND HARDWARE, INC.; ACCURATE DOOR SOLUTIONS, INC.; and ZOES 1 through 50. complains and alleges as follows:

## PARTIES

1.    At all times herein mentioned the Far West is a Corporation existing under and by virtue of the laws of the State of California and authorized/registered to do business in the State of California.

2.    At all times herein mentioned, Far West is informed and believes that Third-Party Defendant, DAVE'S DOOR AND HARDWARE, INC. (hereafter "Dave's"), is a Corporation incorporated and existing under and by virtue of the laws of the State of California and authorized/registered to do business in the State of California.

3.    At all times herein mentioned, Far West is informed and believes that Third-Party Defendant, ACCURATE DOOR SOLUTIONS, INC. (hereafter "Accurate"), is a Corporation incorporated and existing under and by virtue of the laws of the State of California and authorized/registered to do business in the State of California.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

4.    At all times herein mentioned, Far West is informed and believes, and based thereon alleges, that Third-Party Defendants, ZOES 1-50, inclusive, (hereinafter "ZOE Defendants") were business entities organized and existing under and by virtue of the laws of the State of California and doing business in the State of California.

5.    Far West is presently unaware of the true names and capacities of the ZOE Defendants and therefore the ZOE Defendants are sued in this Far West under fictitious names, as their true names and capacities are unknown to Far West. When their true names and capacities are ascertained, Far West will seek leave to amend this Far West to insert their true names and capacities.

6.    Far West is informed and believes, and thereon alleges, that each of the fictitiously named ZOE Defendants are appropriate parties to this action, and in some manner are responsible for conduct and damages alleged by the Plaintiff, RAMIRO GONZALEZ (hereafter "Plaintiff") in this action.

7.    Far West is informed and believes, and based thereon alleges, that each of the ZOE Defendants, inclusive, dispute Far West's contentions herein and are in some manner legally responsible for the acts and omissions alleged herein, and actually and proximately caused and contributed to the various injuries and damages referred to herein.

## JURISDICTION AND VENUE

8.    The existing jurisdiction and venue of this case is proper for this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) because the claims arise out of the same operative facts and circumstances as the claims asserted against Far West in Plaintiffs' Complaint and the Cross-Complaint of Cross-Claimants THE SWIG COMPANY, LLC and MEI CHOU.

## GENERAL ALLEGATIONS

9.    Far West is informed and believes, and based thereon alleges, that Far West entered into a subcontract agreement on or about May 10, 2022 (hereinafter

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

"Agreement") with Defendants, Dave's and ZOES 26 - 50, and each of them, wherein Defendants agreed to provide work, materials, and services for a tenant renovation project for DFA Ireland at the property located at 6300 Wilshire Blvd., Suite 1440, Los Angeles, 90048 (hereinafter the "Subject Premises"). A true and correct copy of said Agreement is attached hereto as **Exhibit "A."**

10. Third-Party Defendants Dave's and ZOES 26 – 50, further agreed to maintain appropriate insurance to cover claims for liability or property damage arising during work on the Subject Premises. Furthermore, Third-Party Defendants, Dave's and ZOES 26 – 50, agreed to accept responsibility for and provide training, supervision, and instruction for proper and safe working practices on the Subject Premises. Said Agreement also required Third-Party Defendants Dave's and ZOES 26 – 50, to indemnify, hold harmless and insure the Far West against any claims, incidents and/or accidents arising from any work performed on the Subject Premises. See **Exhibit "A"** at Section 6, attached hereto.

11. Far West is informed and believes, and based thereon alleges, that pursuant to said Agreement, Third-Party Defendants, Dave's and ZOES 26 – 50, were retained to perform certain duties at the Subject Premises on or about July 11, 2022 (hereinafter the "Incident Date").

12. On or about November 18, 2022, Plaintiff, RAMIRO GONZALEZ, an Individual (hereafter "Plaintiff"), filed an action against Defendants, THE SWIG COMPANY, LLC, MEI CHOU, MAY LUONG, and BRITTCO WALL SYSTEMS, INC., alleging a single negligence cause of action against the named Defendants for an incident which occurred at the Subject Premises on July 11, 2022. Said Complaint is incorporated herein by reference and has the same force and effect as if set forth herein in full.

13. Although the Far West hereby denies each and every allegation set forth in the Complaint, for ease of reference, the Far West hereby incorporates the Complaint as though fully set forth herein. A true and correct copy of said

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Complaint as **Exhibit "B."**

14.    On or about March 22 2023, Far Wests, THE SWIG COMPANY, LLC and MEI CHOU (collectively hereafter "TSC"), filed a Cross-Complaint against Cross-Defendants, MAY LUONG, CONSULATE GENERAL OF IRELAND – LA, FAR WEST CONTRACTORS, CORP., BRITTCO WALL SYSTEMS, INC., alleging various causes of action against the named Cross-Defendants, including but not limited to 1) Equitable/Implied Indemnity and 2) Contribution/Apportionment of Fault.  TSC's Cross-Complaint is incorporated herein by reference and has the same force and effect as if set forth herein in full.

15.    Although the Far West hereby denies each and every allegation set forth in the Cross-Complaint, for ease of reference, Far West hereby incorporates TSC's Cross-Complaint as though fully set forth herein. A true and correct copy of said Far West as **Exhibit "C."**

16.    The Far West is informed and believes, and thereon alleges, that Third-Party Defendants Dave's, Accurate, and ZOE Defendants, agreed to deliver certain materials to the job site and provide labor and services in accordance with the Agreement entered into with the Far West, including providing labor, materials, and services, and including all terms and conditions, among other things, at the tenant improvement project located at the Subject Premises.

17.    The Far West is informed and believes, and thereon alleges, that the damages alleged by TSC, were caused by Third-Party Defendants Dave's, Accurate, and the ZOE Defendants, and each of them, arising out of and connected with the performance of Third-Party Defendants Dave's, Accurate, and the ZOE Defendants' obligations pursuant to the Agreement entered into with Far West.

18.    Far West retained the services of Wood, Smith, Henning & Berman, LLP to defend the action herein, thereby incurring costs, consultants' fees, attorneys' fees and other litigation fees in the defense of this action and prosecution of this Third Party Complaint. Far West will seek leave of this Court to amend this

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Third Party Complaint to show the amount of said costs and attorneys' fees when the same become known to Far West.

**FIRST CAUSE OF ACTION**

**EQUITABLE INDEMNITY**

**(As Against All Cross-Defendants)**

19.    Far West incorporates by reference all of the allegations contained in paragraphs 1 through 18 inclusive, as if fully set forth herein.

20.    If Far West is found in some manner responsible for the subject of the TSC's Cross-Complaint, or to anyone else as a result of the incident and occurrences described in any Complaint or Cross-Complaint, any liability will be based solely upon a derivative form of liability not resulting from Far West's conduct, but only from an obligation imposed upon Far West by law; therefore, Far West would be entitled to complete indemnity from Third-Party Defendants Dave's, Accurate, and ZOES 1-50, and each of them.

21.    Far West alleges that any damages or losses allegedly incurred by the Plaintiffs were contributed to by the negligence and other acts and omissions of Third-Party Defendants Dave's, Accurate, and ZOES 1-50, and each of them, and that Third-Party Defendants, did so negligently and carelessly conduct themselves so as to cause the alleged injuries and damages purportedly incurred by the Plaintiff and/or TSC.

22.    As a direct, proximate and foreseeable result of the filing of Plaintiff's operative Complaint and any subsequent Cross-Complaints, the Far West was compelled to incur court costs, and the expenses of this action, and other claims and actions, and may in the future be compelled to incur additional liability, expenses and fees by reason of settlement, judgment, repairs and/or defense. Far West is entitled in equity and pursuant to California Code of Civil Procedure section 1021.6 to be held harmless and to be indemnified by Third-Party Defendants Dave's, Accurate, and ZOES 1-50, and each of them, for Far West's costs, fees and expenses

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

according to proof.

## SECOND CAUSE OF ACTION

### IMPLIED INDEMNITY

### (As Against All Cross-Defendants)

23.    Far West incorporates by reference all of the allegations contained in paragraphs 1 through 22 inclusive, as if fully set forth herein.

24.    If Far West is found in some manner responsible for the subject of the Plaintiffs' Complaint, or to anyone else as a result of the incident and occurrences described in any Complaint or Cross-Complaint, said negligence or fault on the part of said Far West is only passive and secondary, and that the negligence or fault of Third-Party Defendants Dave's, Accurate, and ZOES 1-50, and each of them, is active and primary.

## THIRD CAUSE OF ACTION

### CONTRIBUTION

### (As Against All Cross-Defendants)

25.    By reason of the foregoing, Far West is entitled to indemnity from Third-Party Defendants Dave's, Accurate, and ZOES 1-50, and each of them, for any sums paid by way of settlement, or any judgment rendered against Far West arising from this action. Far West has retained the services of counsel to defend against the Complaint, thereby incurring costs, consultants' fees, attorneys' fees and other litigation fees and costs in the defense of this action and prosecution of this Cross-Complaint, and Far West is entitled to recover the amount of its costs and reasonable attorneys' fees from Third-Party Defendants based on said written Agreements, according to proof at the time of trial.

26.    The Far West incorporates by reference all of the allegations contained in paragraphs 1 through 24 inclusive, as if fully set forth herein.

27.    Far West's liability in this action, if any, is solely vicarious and secondary in nature predicated upon the direct and primary acts, omissions and/or

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

liability of Third-Party Defendants Dave's, Accurate, and ZOES 1-50, and each of them, and each of them. Accordingly, Far West is entitled to equitable indemnification, partial indemnification, and/or contribution from Third-Party Defendants for any expense that Far West incurs in the settlement of the action, or any amount Third Party Complaint is adjudged or otherwise rendered liable in the trial, or other judicial conclusion of the primary action, and all legal fees and expenses incurred in the defense of the action, according to proof.

28.    Far West contends they were in no way legally responsible for any loss, damage or injury alleged in the Plaintiff's Complaint, or to anyone else as a result of the incident and occurrences described in any Complaint or Cross-Complaint; however, if as a result of the matters alleged in the Plaintiff's Complaint, Far West is held liable for any portion of the claims asserted, Third-Party Defendants Dave's, Accurate, and ZOES 1-50, and each of them, are obligated to reimburse Far West, and be liable for that portion of negligence, fault, and/or other liability assessed against Far West which proximately caused or contributed to the alleged loss, damage or injury.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE
### (As Against Cross-Defendants Dave's, Accurate, and ZOES 26-50)

29.    The Far West incorporates by reference all of the allegations contained in paragraphs 1 through 28 inclusive, as if fully set forth herein.

30.    The Far West is informed and believes, and thereon alleges, that Third-Party Defendants Dave's, Accurate, and ZOES 26-50, inclusive, negligently, carelessly, and wrongfully failed to use reasonable care in the supervision, maintenance, repair, supply of materials, installation, inspection, and/or construction of the Subject Premises.  The Far West is further informed and believes, and thereon alleges, that Third-Party Defendants Dave's, Accurate, and ZOES 26-50, negligently and carelessly failed to exercise reasonable care and diligence to avoid loss and to

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

minimize and mitigate damages which could have been prevented by reasonable efforts on the part of Third-Party Defendants Dave's, Accurate, and ZOES 26-50, or by expenditures which should have been made in the exercise of due care.

31. Far West is informed and believes, and thereon alleges, that Third-Party Defendants Dave's, Accurate, and ZOES 26-50, owed a duty of care to the Far West to perform their work with reasonable care and diligence

32. Far West is informed and believes, and thereon alleges, that the failures and damages alleged by the Plaintiff, if any there were, occurred because of the negligence of Third-Party Defendants Dave's, Accurate, and ZOES 26-50.

33. As a direct, proximate, and foreseeable result of the breaches of Third-Party Defendants Dave's, Accurate, and ZOES 26-50, the Far West has been compelled to incur attorneys' fees, court costs, and the expenses of this action, and may in the future be compelled to incur additional liability, expenses, and fees by reason of settlement, judgment, repairs, and/or defense. The Far West is entitled to be defended, held harmless, indemnified, and reimbursed by Third-Party Defendants Dave's, Accurate, and ZOES 26-50, inclusive, for all of the Far West's fees, costs, and expenses according to proof.

**FOURTH CAUSE OF ACTION**

**BREACH OF WRITTEN CONTRACT**

**(As Against Cross-Defendants Dave's and ZOES 26-50)**

34. Far West incorporates by reference all of the allegations contained in paragraphs 1 through 33 inclusive, as if fully set forth herein.

35. Far West is informed and believes, and based thereon alleges, that Far West entered into a written subcontract agreement (hereinafter "Agreement") with Third-Party Defendants Dave's and ZOES 26-50, and each of them, for work on the Subject Premises.

36. Far West is informed and believes, and based thereon alleges, that Third-Party Defendants Dave's and ZOES 26-50, and each of them, violated the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

terms and conditions of the Agreement by failing to provide proper training, supervision, and work instructions while working at the Subject Premises, Third-Party Defendants breached their contractual responsibilities and duties and negligently caused Plaintiff to sustain certain injuries and damages.

37.     By virtue of said Agreement with Far West, Third-Party Defendants Dave's and ZOES 26-50, and each of them, agreed to defend, indemnify, and maintain insurance for any claims including claims for bodily injury.

38.     Far West is informed and believes, and based thereon alleges, that Third-Party Defendants Dave's and ZOES 26-50, and each of them, were required to maintain comprehensive general liability insurance.  Per the terms of the Agreement, the Third-Party Defendants' general liability would be primary insurance with respect to the subject incident and non-contributing with any other insurance carried by the Far West.

39.     Far West is informed and believes, and based thereon alleges, that pursuant to the terms of said Agreement, Third-Party Defendants Dave's and ZOES 26-50, and each of them, undertook and assumed a duty to defend Far West against any and all claims or suits against Far West arising from worked performed on the Subject Premises.

40.     Far West is informed and believes, and based thereon alleges, that pursuant to the terms of said Agreement, Third-Party Defendants Dave's and ZOES 26-50, and each of them, undertook and assumed a duty to indemnify Far West against any and all claims or suits against Far West arising from the work and/or materials provided by Third-Party Defendants, including ZOES 26-50, and each of them.

41.     Far West is informed and believes that the language in Section 6 of said Agreement (attached hereto as **Exhibit "A"**) requires Third-Party Defendants Dave's and ZOES 26-50, and each of them, to name Far West as an additional insured on the certificates of insurance and applicable endorsements.  Third-Party

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Defendants Dave's and ZOES 26-50, and each of them, have breached (according to proof) some or all the express provisions by among other things, failing and neglecting to procure the required insurance and/or to name Far West as an additional insured on their policies of insurance.

42.     The Far West has performed all conditions, covenants and promises required by it in accordance with the terms and conditions of said Agreement.

43.     The Far West is informed and believes, and based thereon alleges, that Third-Party Defendants  Dave's and ZOES 26-50, and each of them, breached said Agreement by failing to provide proper training, supervision, and work instructions while working at the Subject Premises. A true and correct copy of the Agreement with attachments are attached hereto as **Exhibit "A"**.

44.     The Far West is informed and believes, and based thereon alleges, that Plaintiff allegedly suffered injuries and damages as a result of Third-Party Defendants Dave's and ZOES 26-50, conduct on the Subject Premises, and Far Wests are further informed and believe, and based thereon allege that said incident and damages, if any, were caused by Third-Party Defendants, for failing to provide proper training, supervision, and work instructions while working at the Subject Premises.

45.     As a result of Third-Party Defendants Dave's and ZOES 26-50, and each of them, breach of the aforementioned Agreement, the Far West has been damaged in an amount according to proof at the time of trial.

46.     Far West have retained the services of Wood, Smith, Henning & Berman, LLP to defend the action herein, thereby incurring costs, consultants' fees, attorneys' fees and other litigation fees in the defense of this action and prosecution of this Third Party Complaint.  Far West will seek leave of Court to amend this Third Party Complaint to state the amount of said costs and attorneys' fees when the same become known to Far West.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**FIFTH CAUSE OF ACTION**

**EXPRESS CONTRACTUAL INDEMNITY**

**(As Against Cross-Defendants Dave's and ZOES 26-50)**

47.     Far West incorporates by reference all of the allegations contained in paragraphs 1 through 46 inclusive, as if fully set forth herein.

48.     Far West denies the allegations of TSC's operative Cross-Complaint and, without admitting the allegations contained therein, if it is found that Far West is liable for any injury to Plaintiff and/or TSC, then that liability should be passed through to Third-Party Defendants Dave's and ZOES 26-50, and each of them.  Far West is informed and believes and thereon alleges that Third-Party Defendants entered into written agreements with Far West, which provided among other things, an express indemnity clause, the terms of which shall be according to proof at time of trial.  A true and correct copy of said Agreement is attached hereto as **Exhibits "A"**.

Section 6 of the Agreement dated March 23, 2022 provides for indemnity as follows:

Section 6 – Indemnity

All work covered by this agreement either at the site of construction, or in the preparation or delivery of materials to the site shall be at the sole risk of Subcontractor. Subcontractor agrees to indemnify and save Contractor, its agents, servants, employees, and other, harmless from any claims, judgments, demands or lawsuits (including obligations of Contractor under the Prime Contract with Owner) for injury or death to person (including Contractor's and/or Subcontractor's employees) and/or damage or destruction to property, arising directly or indirectly out of the actions or omissions of Subcontractor hereunder and/or the work performed or operations of Subcontractor hereunder, all to the maximum extent permitted by law. This indemnification includes any workers compensation costs incurred by Contractor's workers' compensation insurance carrier for the account

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

of Contractor for any injuries sustained by Contractor's employees arising directly or indirectly out of any action or omission of Subcontractor in performance of work hereunder. Subcontractor agrees to reimburse Contractor for all costs, including reasonable attorney fees incurred by Contractor in defending any matter covered under this indemnification or in the enforcement of this indemnification provision. (See attached **Exhibit "A"**.)

49.    Far West is informed and believes and thereon alleges, that the injuries and damages claimed by TSC were caused by Third-Party Defendants Dave's and ZOES 26-50, and each of them, failure to provide proper training, supervision, and instruction for proper and safe operation of construction materials and Far West herein is further informed and believes, and thereon alleges that said injuries and damages (if proven true at time of trial or otherwise) were caused by Third-Party Defendants Dave's and ZOES 26-50, and each of them, arising out of and connected with the performance of Cross-Defendants' obligations pursuant to the aforementioned Agreement entered into with Far West herein. Far West is further informed and believes and based thereon alleges that Third-Party Defendants Dave's and ZOES 26-50, and each of them, breached these contractual obligations by failing to defend and/or indemnify Far West in this matter (according to proof).

50.    Far West retained the services of WOOD, SMITH, HENNING & BERMAN LLP to defend the action herein, thereby incurring costs, consultants' fees, attorneys' fees and other litigation fees in the defense of this action and prosecution of this Third-Party Complaint. Far West will seek leave of this Court to amend this Third-Party Complaint to show the amount of said costs and attorneys' fees when the same become known to Far West.

**SIXTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(As Against All Cross-Defendants)**

51.    Far West incorporates by reference all of the allegations contained in

paragraphs 1 through 50 inclusive, as if fully set forth herein.

52.    As an actual controversy has arisen and now exists between this Far West and Third-Party Defendants Dave's, Accurate, ZOES 1-50, each of them, in that this Far West contends that Far West is entitled to indemnification, either in whole or in part, for any injuries or judgment which might be taken against any of them in the underlying action.

53.    Far West desires a judicial determination of the respective rights and duties of this Third Party Plaintiff and Third-Party Defendants Dave's, Accurate, ZOES 1-50, each of them, with respect to the damages claimed in the underlying Complaint or any subsequent Cross-Complaint.

54.    This determination is necessary and appropriate in order to avoid multiplicity of actions, needless waste of time and money on the part of the litigants, and to comply with long term principles of judicial economy.

## EIGHT CAUSE OF ACTION

## DECLARATORY RELIEF RE: DUTY TO DEFEND

## (As Against Cross-Defendants Dave's and ZOES 26-50)

55.    Far West incorporates by reference all of the allegations contained in paragraphs 1 through 54 inclusive, as if fully set forth herein.

56.    Certain written Agreements exist between the Far West and Third-Party Defendants Dave's and ZOES 26-50 (according to proof).  Each said Agreement is incorporated herein by reference as though fully set forth herein.  Specifically, the Agreement provides for indemnity as set forth in the preceding Express Contractual Indemnity Cause of Action.   A claim or loss within the meaning of the subject contract has arisen by virtue of the fact that TSC filed a Cross-Complaint against the Far West claiming that the damages alleged by the Plaintiff in his Complaint were caused by Third-Party Defendants' breach of contractual responsibilities and duties to the Far West.

57.    Third-Party Defendants Dave's and ZOES 26-50, and each of them,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

CROSS-DEFENDANT FAR WEST CONTRACTORS, CORP.'S THIRD PARTY COMPLAINT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

have a present duty to defend the Far West against all claims made against the Far West pursuant to the aforementioned Agreements, pursuant to California Civil Code, Section 2778, and as a result of the assertion of a claim and/or loss arising out of the incident that occurred on July 11, 2022 at the Subject Premises. Far West has a present legal right to be provided a defense by Third-Party Defendants and ZOES 26-50. California Civil Code, Section 2778 provides, in pertinent part, that:

> "In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears:
>
> 4. The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity, but the person indemnified has the right to conduct such defenses, if he chooses to do so;
>
> 5. If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith, is conclusive in his favor against the former; . . ."

58. Far West has tendered the defense of this action to Third-Party Defendants Dave's and ZOES 26-50, each of whom has, to date, rejected, ignored, or failed to properly accept the tender of defense (according to proof).

59. A dispute has arisen and an actual controversy now exists between Far West and Third-Party Defendants Dave's and ZOES 26-50, and each of them, in that the Far West contends it is entitled to a defense from Third-Party Defendants, while Third-Party Defendants, and each of them, rejected, ignored or failed to accept such obligations under the aforementioned Agreement.

60. Far West hereby seeks a Declaration by the Court as to Far West's respective rights and Third-Party Defendants' duties and obligations as to the duty to defend Far West in connection with the matters herein alleged.

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## NINTH CAUSE OF ACTION

## DECLARATORY RELIEF RE: DUTY TO INDEMNIFY

## (As Against Cross-Defendants Dave's and ZOES 26-50)

61.     Far West incorporates by reference all of the allegations contained in paragraphs 1 through 58 inclusive, as if fully set forth herein.

62.     Per the terms and conditions of the Agreements between Far West and Third-Party Defendants Dave's and ZOES 26-50, and each of them, are obligated to indemnify the Far West from all liability, loss, or damage in this action relating to matters embraced by the indemnity and arising out of the incident that occurred on July 11, 2022 at the Subject Premises, as set forth in Plaintiff's Complaint.

63.     A dispute has arisen and an actual controversy now exists between the Far West, Third-Party Defendants Dave's and ZOES 26-50, and each of them, in that the Far West contends that it is entitled to indemnity from the Third-Party Defendants and Third-Party Defendants reject, deny or ignore such entitlement.

64.     Far West seeks a Declaration by the Court as to its respective rights and said Third-Party Defendants Dave's and ZOES 26-50, and each of them, duties and obligations as to the matters herein alleged.

## PRAYER FOR RELIEF

**WHEREFORE,** Far West prays for judgment against Third-Party Defendants Dave's, Accurate, and ZOES 1-50, inclusive, as follows:

**ON THE FIRST CAUSE OF ACTION**

1.     For equitable indemnity from Third-Party Defendants Dave's, Accurate, and ZOES 1-50, and each of them, for any judgments rendered against the Far West;

**ON THE SECOND CAUSE OF ACTION**

2.     For implied indemnity from Third-Party Defendants Dave's, Accurate, and ZOES 1-50, and each of them, for any judgments rendered against Far West;

**ON THE THIRD CAUSE OF ACTION**

3.     For contribution in proportionate shares from Third-Party Defendants

Dave's, Accurate, and ZOES 1-50, and each of them, in accordance with their respective faults, for any judgments rendered against Far Wests;

**ON THE FOURTH CAUSE OF ACTION**

4.      That if a judgment is rendered against Far West, this Court order and declare that Far West is entitled to be indemnified by Third-Party Defendants Dave's and ZOES 26-50, inclusive, for the amount of the judgment awarded to Far West, in proportion to the amount and/or degree of negligence or other wrongful conduct attributable to said Third-Party Defendants;

**ON THE FIFTH CAUSE OF ACTION**

5.      For breach of contract damages arising from Third-Party Defendants Dave's and ZOES 26-50, breaches of said written Agreements and damages arising from said breaches;

**ON THE SIXTH CAUSE OF ACTION**

6.      For express contractual indemnity arising from Third-Party Defendants Dave's and ZOES 26-50, breaches of said written Agreements and damages arising from said breaches;

**ON THE SEVENTH CAUSE OF ACTION**

7.      For declaratory relief requiring judicial determination of the respective rights and duties of this Far West and Third-Party Defendants Dave's, Accurate, and ZOES 1-50;

**ON THE EIGHT THROUGH NINTH CAUSES OF ACTION**

8.      For declaratory relief requiring Third-Party Defendants Dave's and ZOES 26-50, and each of them, to provide a defense, indemnification and/or equitable contribution in connection with any liability that may be adjudged against Far West, under the respective Agreement as set forth herein;

9.      That Third-Party Defendants Dave's and ZOES 26-50, and each of them, be required to defend, indemnify, protect, and hold harmless the Far West from any loss, damage, costs, judgment, settlement, and expense, including but not limited to

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

fees and costs related to and/or connected with the claims asserted herein by the Plaintiffs, Defendants and/or Third-Party Defendants, including ZOES 1-50, and each of them;

**ON ALL CAUSES OF ACTION**

10.     For reasonable attorneys' fees and costs of suit incurred herein, including, but not limited to, costs of investigation incurred in the prosecution of this Third-Party Complaint;

9.     For pre-judgment and post-judgment interest as allowed by law;

10.     For such other and further relief as the Court may deem just and proper; and

11.     For attorney's fees pursuant to California *Code of Civil Procedure* § 1021.6 and Section 28 of the Agreement, attached hereto as **Exhibit "A"**.

DATED:  June 12, 2023                    WOOD, SMITH, HENNING & BERMAN LLP

By:     */s/ Andreea Custurea*
          ANDREEA CUSTUREA
          EDGAR F. NAVARRETE
Attorneys for Defendant/Cross-Defendant/Third-Party Plaintiff, FAR WEST CONTRACTORS, CORP.

# EXHIBIT A

LEGAL:05000-1813/14263917.1



**SUBCONTRACT**

1031 S Melrose St.
Placentia, CA 92870
Ph: 714-636-8744
Fax: 714-636-8799

Contract #: 22-623-06
Contract Date: April 13, 2022
Retention Rate:  10%

Subcontractor:  Dave's Door and Hardware
17861 Georgetown Lane Huntington Beach, CA 92647

Project:        DFA Ireland, 6300 Wilshire Blvd. Suite 1440, Los Angeles, CA 90048

This Agreement is made and entered into as of the above date by and between Far West Contractors Corporation (hereto known as "Contractor") and Dave's Door and Hardware (hereinafter known as "Subcontractor") at Placentia, California.

## RECITALS
WHEREAS Contractor has entered into a contract with The Minister for Foreign Affairs Ireland on  **February 16** , 2022 for construction of the above project, which contract, together with any addenda, supplements, amendments, changes, or additional thereto, along with all plans, specifications, schedules and plot drawings are hereinafter called the "Contract Documents."

## AGREEMENT
NOW, THEREFORE, Contractor and Subcontractor agree as follows:

## SECTION 1 – CONTRACT PRICE
Contractor shall pay Subcontractor for the strict performance of his work and the true and faithful performance and observance by Subcontractor of all his covenants, duties and conditions hereunder, the sum of **$3,500.00** subject to adjustments as hereinafter provided.

## SECTION 2 – CONTRACT DOCUMENTS
Subcontractor hereby represents and warrants to Contractor that Subcontractor is a contractor duly and regularly licensed as such by the State of California to do the work described herein, and the Subcontractor will perform all subcontract work (the "Work") in accordance with this Subcontract, and Contract Documents, all of which are incorporated in this Agreement by this reference. Attachments "A", "B", "C", "D", "E" and "F" are an integral part of this subcontract.

## SECTION 3 – DESCRIPTION OF WORK
**Labor and material to provide and install (2) bullet resistant doors and all hardware.**

## SECTION 4 – PAYMENT
TERMS: Net 70 Days
MONTHLY ESTIMATE: On or before the 25th day of each month the Subcontractor shall submit to Contractor/Project Manager a written request for payment showing the proportionate value installed to that date, from which shall be deducted (1) a retention of ten percent (10%), and (2) all previous billings and all charges for services, materials, equipment, and other items furnished by Contractor to Subcontractor or chargeable to the Subcontractor. The balance of the amount of such requisitions, as approved by Contractor and the Architect or Owner (as required by the Contract Documents) and for which payment has been received by Contractor from the Owner, shall be due and paid to the Subcontractor. It is a condition precedent that the Contractor be paid prior to the Contractor's obligation to pay Subcontractor hereunder. To the extent applicable under California Contractor law, it is the intent of the parties that after approval and/or acceptance of work and/or product by Contractor and/or Owner or Owners agent and receipt by the Contractor from the Owner of funds for work performed by Subcontractor shall be a condition precedent to each payment to be made to the Subcontractor pursuant to the provisions of this section. If Owner delays making payment to Contractor, then Contractor shall have a reasonable time to make payment to Subcontractor. "Reasonable time" shall be determined in accordance with all relevant circumstances but shall not be less than the time that Contractor and/or Subcontractor shall require to pursue to conclusion their legal remedies against Owner."

The Subcontractor shall submit with its first request for payment a detailed schedule showing the breakdown of the Contract Price into its various parts for use as a basis of checking the Subcontractor's monthly requests. Contractor reserves the right to advance the date of any payment (including the final payment) under this Agreement if, in its sole judgment, it becomes desirable to do so, without waiving any of the terms and conditions hereunder, and without exoneration of any rights under any surety bond. The Subcontractor agrees to furnish

Contract #22-623-06 DFA Ireland                                              Subcontractor Initials

DocuSign Envelope ID: 83B1455E-3B32-44AE-B3D5-DCE74BB90F5F

such information, lien releases, evidence and certification as Contractor may require with respect to the nature and extent of all obligations incurred by the Subcontractor for or in connection with the Work, all payments made by the Subcontractor thereon, and the amounts remaining unpaid, to whom and the reason, therefore.

FINAL PAYMENT: Final payment shall be due within seventy (70) days after completion and acceptance of the Work by Contractor and the Architect or Owner provided first, however, that (1) Contractor shall have received final payment therefore from the Owner, (2) the Subcontractor shall have furnished evidence satisfactory to Contractor that there are no claims, obligations or liens outstanding or unsatisfied for labor, services, materials, equipment, taxes or other items performed, furnished or incurred for or in connection with the Work (3) Subcontractor shall have executed and delivered to Far West Contractors Corp. their final invoice, see "Notice to Submit Final Invoice" (Attachment C- Sample) and (4) the Subcontractor shall have executed and delivered in a form satisfactory to Contractor a release running to and in favor of Contractor and the Owner or others designated by Contractor.

Should there prove to be any claim, obligation or lien after final payment is made, the Subcontractor shall refund to Contractor all monies that Contractor and/or the Owner shall pay in satisfying, discharging or defending against any such claim, obligation or lien or any action brought or judgment recovered thereon, including all legal fees, costs and expenses, incurred in connection therewith. It is a condition precedent that the Contractor be paid prior to Contractor's obligation to pay the Subcontractor hereunder.

PAYMENTS WITHHELD: If any claim or lien is made or filed with or against Contractor, the Owner, the Project or the Premises by any person claiming that the Subcontractor or any lower tier subcontractor or other person under it has failed to make payment for any labor, services, materials, equipment, taxes or other items or obligations furnished or incurred for or in connection with the Work, or if at any time there shall be evidence of such nonpayment or of any claim or lien for which, if established, Contractor or the Owner might become liable and which is chargeable to the Subcontractor, or if the Subcontractor or any subcontractor or other person under it causes damage to the Work or to any other work on the Project, or if the Subcontractor fails to perform or is otherwise in default under any of the terms or provisions of this Agreement, Contractor shall have the right to retain from any payment then due or thereafter to become due an amount which it deems sufficient to (I) satisfy, discharge and/or defend against any such claim or lien or any action which may be brought or judgment which may be recovered thereon, (2) make good any such nonpayment, damage, failure or default, (3) compensate Contractor and the Owner for and indemnify them against any and all losses, liability, damages, including Owner's claim for liquidated damages, including legal fees and costs and expenses, which may be sustained or incurred by either or both of them in connection therewith and (4) any amount necessary to satisfy and discharge monies otherwise owed to Contractor by Subcontractor regardless of the project for which such monies are owed. Contractor shall have the right to apply and charge against the Subcontractor so much of the amount retained as may be required for the forgoing purposes. If the amount is insufficient, the Subcontractor shall be liable for the difference and pay the same to Contractor.

PAYMENT ETC., NON ACCEPTANCE: No payment (final or otherwise) made under or in connection with this Agreement shall be conclusive evidence of the performance of the Work or of this Agreement, in whole or in part, and no such payment shall be construed to be an acceptance of defective, faulty or improper work or materials nor shall it release the Subcontractor from any of its obligations under this Agreement, nor shall entrance and use by the Owner constitute acceptance of the Work or any part thereof.

SECTION 5 – INSURANCE
Subcontractor, at its own expense, shall procure, carry and maintain for all operations hereunder, insurance from an Insurance Company AM BEST RATED A-VIII or better on Occurrence Form as follows:

1. Workers Compensation and Employer's Liability insurance (including coverage for the Longshoreman's and Harbor Worker's Compensation Act if required) which shall satisfy the Worker's Compensation laws of any state, district or territory of the United States in which the work is situated. Employer's Liability insurance shall have limits of not less than $1,000,000 for any one occurrence. Such policies shall contain a Waiver of Subrogation in favor of Prime Contractor, Contractor and Owner.

2. Comprehensive General Liability insurance ~~and Comprehensive Automobile insurance~~ with policy limits, of not less than $2,000,000 as to each occurrence for bodily injury, and $2,000,000 property damage coverage for each occurrence. Such policy or policies shall specify as additional insured(s), the Prime Contractor, Contractor and the Owner (and others as required by the Prime Contract). The Insurance of Subcontractor shall be specified as being primary and Contractor's insurance shall be non-contributory. Subcontractor's insurance shall include coverage for the following:

   1. Premises. 2. Contractual Liability insuring the obligations assumed by Subcontractor in this Subcontract. 3. Completed Operations and Products Liability. 4. Broad Form Property Damage Liability. 5. Liability which Subcontractor may incur as a result of the operations, acts, or omissions of its subcontractors, suppliers, or material men, and their agents or employees. 6. Explosion, collapse of underground hazards. 7. Such policy, or policies, shall be endorsed to stipulate that the insurance afforded by Subcontractor shall be primary to that of any insurance carried by the Contractor which shall be excess and non contributory.

   2.2 Comprehensive Automobile Insurance not less than $1,000,000.00 Combined Single Limit

3. Subcontractor shall furnish a satisfactory insurance Certificate with endorsement to policy attesting to the existence of the insurance required above, which shall be furnished prior to Subcontractor's starting any work or entering onto the job site. The Form of Certificate shall be the "ACCORD" form. The Certificate shall be signed and dated by an authorized representative of the insurance carrier(s). Certified copies of all policies shall be provided upon request by the Contractor. The additional insured endorsement shall be on ISO Form CG 20 10 11 85 or equivalent. Certificate shall be renewed for a period of not less than one (I) year from project completion.

4. No payment shall be due Subcontractor hereunder until all the above insurance requirements are satisfied.

Contract #22-623-06 DFA Ireland                                    Subcontractor Initials _____

## SECTION 6 – INDEMNITY

All work covered by this agreement either at the site of construction, or in the preparation or delivery of materials to the site shall be at the sole risk of Subcontractor. Subcontractor agrees to indemnify and save Contractor, its agents, servants, employees, and other, harmless from any claims, judgments, demands or lawsuits (including obligations of Contractor under the Prime Contract with Owner) for injury or death to person (including Contractor's and/or Subcontractor's employees) and/or damage or destruction to property, arising directly or indirectly out of the actions or omissions of Subcontractor hereunder and/or the work performed or operations of Subcontractor hereunder, all to the maximum extent permitted by law. This indemnification includes any workers compensation costs incurred by Contractor's workers' compensation insurance carrier for the account of Contractor for any injuries sustained by Contractor's employees arising directly or indirectly out of any action or omission of Subcontractor in performance of work hereunder. Subcontractor agrees to reimburse Contractor for all costs, including reasonable attorney fees incurred by Contractor in defending any matter covered under this indemnification or in the enforcement of this indemnification provision.

## ~~SECTION 7 – BONDING OF SUBCONTRACTOR~~ N/A

~~With the execution of this agreement, or at any time during its performance, Subcontractor shall, if required by Contractor, within (10) days of request therefore, furnish Contractor with a Labor and Material bond and a Faithful Performance Bond. Said bonds shall be executed by a corporate surety acceptable to Contractor and Owner and shall be in a form satisfactory to Contractor. Contractor shall pay the premium on said bonds unless otherwise provided herein or in the Contract Documents. Failure of Subcontractor to furnish said bonds within the time specified above shall constitute a material breach of contract, giving Contractor the right to terminate this agreement for cause pursuant to Section 13, below.~~

## SECTION 8- TIME

Time is the essence of this Agreement. It shall be Subcontractor's obligation to conform to Contractor's progress schedule, subject to Contractor's modification, which is incorporated herein by this reference and made a part hereof. Subcontractor shall prepare and obtain approval as required by the Contract Documents all shop drawings, details, samples, and do all other things necessary and incidental to this work in conformance with the said progress schedule. Subcontractor shall coordinate the Work with that of all other contractors, subcontractors, and the Contractor in a manner that will facilitate the efficient completion of the entire work in accordance with Contractor's schedule.

## SECTION 9- CHANGES IN THE WORK

Subcontractor hereby agrees to make any and all changes, furnish the materials and perform such work as Contractor may require, without nullifying this Agreement, at a reasonable addition to, or reduction from, the Contract Price stated herein and pro rata to the same. Subcontractor shall adhere to the plans and specifications unless a change is authorized in writing. Under no conditions shall Subcontractor make any changes, either as additions or deductions, without the written order of the Contractor and Contractor shall not pay any extra charges made by the Subcontractor that have not been agreed upon in writing by Contractor and, in no event, shall Contractor make payment for any such extra charges unless and until the Contractor itself receives payment. Subcontractor shall submit immediately to the Contractor written copies of its cost or credit proposal for changes in the work. It is the responsibility of the Subcontractor to request the change order tracking number from the Contractor before performing any changes in work. Disputed work shall be performed as ordered in writing by the Contractor and the proper cost or credit breakdown therefore shall be submitted without delay by Subcontractor to Contractor. Subcontractor shall give written notice of claim relating to any disputed work for which extra compensation is asserted together with cost or credit breakdown within thirty (30) days after such work is performed (or lesser time if required under the Prime Contract) or Subcontractor shall be deemed to have voided and abandoned any claim therefore.

If Subcontractor initiates a substitution, deviation or change in the Work which affects the expense or scope of the work or the expense of other trades, Subcontractor shall be liable for the expense therefore.

No change, alteration or modification in or deviation from this Agreement or the plans or specifications, whether made in the manner herein provided or not, shall release or exonerate, in whole or in part, any surety on any bond given in connection with this Agreement and neither Owner nor Prime Contractor or Contractor shall be under any obligation to notify the surety or sureties of any such change.

## SECTION 10- DAMAGES CAUSED BY DELAYS

In the event of any change to the subcontract work scope, schedule, quantity or any other change to the subcontract terms and provisions (including changes in the Prime Contract terms and provisions incorporated into this Subcontract), the Change clause of the Prime Contract shall control Subcontractors' assertion of change, including Prime Contract requirements of notice and any limitations concerning profit and overhead.

Should Subcontractor default in the timely and proper performance of this work, thereby causing delay to Contractor or Prime Contractor, he shall be liable for any and all loss and damages, including liquidated damages, sustained by the Contractor or Prime Contractor as a result thereof. Subcontractor shall not be liable under this paragraph if such default be caused by strikes, lockouts, or acts of God, provided, notice of occurrence of same shall be given in writing by Subcontractor to Contractor within eighteen (18) hours after commencement of such delay.

Contract #22-623-06 DFA Ireland                                                                Subcontractor Initials _____

DocuSign Envelope ID: 83B1455E-3B32-44AE-B3D5-DCE74BB90F5F

SECTION 11 – LIENS

Subcontractor shall at all times indemnify and save Prime Contractor, Contractor and Owner harmless against all liability for claims and liens for labor, equipment or materials used by Subcontractor on the job including any costs and expenses for attorney's fees and all incidental or consequential damages incurred by Prime Contractor, Contractor or Owner from suit on such claims or lien, and Subcontractor shall defend said suit at his own cost and expense, and will pay and satisfy any such lien or judgment as may be established by the decision of the court in said suit. Subcontractor agrees within ten (10) days after written demand, to cause the effect of any suit or lien to be removed from the premises and in the event Subcontractor shall fail to do so, Contractor is authorized to use whatever means in its discretion it may deem appropriate to cause said lien or suit to be removed or dismissed and the cost thereof, together with reasonable attorney's fees, shall be immediately due and payable to Contractor by Subcontractor, or shall be a deduct to the Contract Price.

SECTION 12 – DEFAULT REMEDIES

In the event that Subcontractor at any time refuses or neglects to supply sufficient number of properly skilled workmen or sufficient quantity of materials of proper quality, adhere to Contractors schedule, becomes insolvent, admits in writing his inability to pay his debts as they fall due, files a petition in bankruptcy or for reorganization or arrangement under any chapter or provision of the Federal or any State bankruptcy code or similar law, acquiesces in, by admitting the allegations of any petition filed against him in bankruptcy or seeking a reorganization or arrangement under any Federal or State bankruptcy code or similar law, or fails to secure the dismissal of any such petition within sixty (60) days after the filing thereof, or commits any act of bankruptcy or makes an assignment for the benefit of creditors without Contractor's prior written consent, or fails to make prompt payment to his material men and laborers or fails in any respect to properly and diligently prosecute the work covered by this Agreement, or becomes delinquent with respect to contributions or payments required to be made in any Health and Welfare, Pension, Vacation, Apprenticeship or other employee benefit program or trust, or fails to fulfill any of the provisions of these Subcontract Terms and Conditions by him to be performed, or otherwise fails to perform fully any and all of the agreements herein contained, Contractor may at his option, after giving forty-eight (48) hours written notice to Subcontractor, provide any such labor and materials as may be necessary and deduct the cost hereof (together with overhead and profit as provided below) from any money then due or thereafter to become due to Subcontractor under this Agreement and/or, after giving such forty eight (48) hour notice, Contractor may , in its sole discretion, terminate Subcontractor's right to proceed with the work (pursuant to termination for cause, Section 13) and, in that event, Contractor shall have the right to enter the project and take possession for the purpose of completing the Work, all materials, tools and equipment of Subcontractor's and may employ any other person or persons (including employees of Subcontractor) to finish the work and provide equipment and the materials therefore. In case of termination of Subcontractor's right to proceed with the work, Subcontractor shall not be entitled to receive any further payment under this Agreement until the work by Contractor in the Prime Contract is completely finished. At that time, if the unpaid balance of the amount to be paid under this Agreement exceeds any expenses incurred by Contractor in finishing Subcontractor's work, such excess shall be paid by Contractor to Subcontractor, but if such expense shall exceed such unpaid balance, then Subcontractor shall promptly pay to Contractor the amount by which such expense exceeds such unpaid balance. The cost and expense referred to above shall include materials, labor (including benefits and payroll taxes) and equipment for finishing the work, attorney's fees, and any damages sustained by Contractor (including liquidated damages) by reason of Subcontractor's default, plus a mark-up of 10% General Overhead and 10% Profit. Contractor shall have a lien upon all materials, tools and equipment taken possession as aforesaid to secure the payment. The notice referred to in this paragraph will be sufficient when mailed to Subcontractor at his address shown in this Agreement. The forty-eight (48) hour notice period shall be deemed to commence at 5:00 p.m. on the postmark date. Notice by facsimile will satisfy all Notice requirements hereunder, in which event, the (48) hour notice period shall commence upon transmission. Contractor may withhold, or on account of subsequently discovered evidence, recover the whole or part of any payment under Section 4 to such extent as may be necessary, as determined in the exercise of Contractor's unfettered discretion, to protect Contractor from any loss, including costs and attorney's fees, delay costs and liquidated damages, on account of (I) defective work not remedied; (2) claims filed or reasonable evidence indicating probable filing of claim; (3) failure of Subcontractor to make payments properly to his subcontractors or for materials, labor or for fringe benefits; (4) failure of Subcontractor to diligently prosecute the work in accordance with Contractor's schedule; (5) damage to another subcontractor, or (6) the potential assertion of liquidated damages against Contractor; or (7) monies otherwise owed by Subcontractor to Contractor, regardless of the project or reason for which such monies are owed. When the above grounds are removed, and Subcontractor is not otherwise in default, such amounts as are then due and owing shall be paid to Subcontractor.

SECTION 13 – TERMINATION OF AGREEMENT

In the event the Prime Contract is terminated prior to its completion, Subcontractor shall be entitled only to payment for the work actually completed by it at pro rata of the price herein set forth unless Contractor itself receives additional compensation or damages on account of such termination, in which event Subcontractor shall be entitled to such proportion of the additional compensation or damages actually received by Contractor, as is equitable under all the circumstances. Nothing herein contained shall require Contractor to make any claim against Owner for such additional compensation or damages in the event of termination before completion, and it is specifically agreed that the failure of Contractor to prosecute any such claim against Owner shall not entitle Subcontractor to any claim for additional compensation or damages against Contractor.

Notwithstanding the preceding paragraph or any other provision of this Agreement, Contractor reserves the absolute right to terminate this Agreement immediately upon written notice to Subcontractor at any time, at Contractor's convenience with or without cause, upon the terms and conditions set forth below. In the event of termination without cause, Subcontractors shall be entitled to payment

Contract #22-623-06 DFA Ireland                                                   Subcontractor Initials _____

only as follows: 1. Cost of the work actually completed in conformity with this agreement; plus 2. Other costs actually incurred by Subcontractor; plus 3.15% of costs referred to in Paragraph 1 above, for overhead and profit.

There shall be deducted from such sums as provided in this paragraph the amount of any payments made to Subcontractor prior to date of termination of this Agreement. Subcontractor shall not be entitled to any claim or lien against Prime Contractor, Contractor or against Owner for any additional compensation or damages in the event of such termination and payment.

In the event this Agreement is terminated for cause, as provided in Section 12, above, Subcontractor shall not be entitled to receive any further payment until the work undertaken by Contractor in the Prime Contract is completely finished. At that time, if the amounts earned, but not paid Subcontractor before said termination exceed the expenses incurred by Contractor in finishing Subcontractor's work, any excess shall be paid by Contractor to Subcontractor. If such expense shall exceed the said amount earned and unpaid, Subcontractor shall promptly pay to Contractor the amount by which the expense exceeds said sum. The expense incurred by Contractor shall include Contractor's expense for furnishing labor, materials, and equipment for the Work, attorney fees and any and all damages (including Liquidated Damages) incurred by Contractor by reason of Subcontractor's default, together with Contractor's overhead and profit as specified in Section 12.

Contractor may terminate this Agreement (for cause) and withhold funds in the event that Subcontractor, or any of his subcontractors, is listed by any of the various Employees Fringe Benefits Trusts, including but not limited to Health and Welfare, Pension, Vacation or Apprentice-ships Trusts, as being delinquent in payment or payments to any such trust, regardless of the project in connection with which the delinquency or delinquencies occurred. Contractor may terminate this Agreement (for cause) and withhold sufficient funds with which to complete the work in the event Contractor receives any tax lien on the funds otherwise due Subcontractor hereunder.

## SECTION 14 – JOINT CHECKS
With respect to any payment to be made by Contractor to Subcontractor hereunder, Contractor may at his sole option, issue joint checks payable to (I) Subcontractor and any of the employee fringe benefit trust; (II) Subcontractor and any materials, or equipment suppliers; (III) Subcontractor and any of his lower tier subcontractors or service providers, all to the extent reasonably necessary to assure Contractor that all payments required from Subcontractor are timely made.

## SECTION 15 – CLAIMS OF SUBCONTRACTOR
If Owner or Prime Contractor, without cause, shall terminate the Prime Contractor stop or suspend work under the Prime Contract, or if Owner or Prime Contractor shall fail to pay when due any sum payable under the Prime Contract, Contractor may order Subcontractor to stop or suspend work hereunder and Contractor shall be liable to Subcontractor for any such stoppage or suspension only if and to the extent that Owner or Prime Contractor shall be liable to Contractor. If Subcontractor shall claim that it is entitled to additional compensation or damages or to an extension of time by reason of any act or omission of the Owner or Prime Contractor, or by reason of any delay due to any act or omission of the Owner or Prime Contractor, Subcontractor shall give timely notice and shall promptly submit such claim in writing to Contractor. Contractor shall on behalf of Subcontractor submit the claim to Owner, Prime Contractor, or Contractor may, at its option, authorize Subcontractor to prosecute such claim in Contractor's name. Subcontractor shall cooperate fully with Contractor in such submission and shall prepare all costs and supporting data and do all things necessary to present such claim properly, and shall reimburse Contractor for all costs and expenses incurred by it, (including Attorney fees), in connection therewith. Subcontractor shall comply with and be bound by any notice provision and claims procedure, including arbitration, contained in the Prime Contract. (In this regard see Section 26 below). If, and only to the extent that Owner or Prime Contractor shall pay additional compensation, or damages, or allow additional time to Contractor, then Contractor shall award the same to Subcontractor. If any claim of Subcontractor is presented to Owner or Prime Contractor, together with claims of Contractor or others, Contractor shall segregate its claims from those of Subcontractor and any share of the award by Owner or Prime Contractor shall be binding and inclusive on Subcontractor.

## SECTION 16 – SATISFACTORY EMPLOYEES
Subcontractor shall remove or cause to have removed from the project any employee or employees who are considered unsatisfactory by the Contractor. Subcontractor shall comply with all federal, state or local statutes, ordinances, regulations, rules, orders and directives relating to discrimination in employment, prevailing wage rates or affirmative action programs, and shall comply with the provisions, if any in the Prime Contract on that subject, insofar as his own employees and operations are concerned.

## SECTION 17 – LAYOUT RESPONSIBILITY
Contractor shall establish principal axis lines and levels whereupon Subcontractor shall be strictly responsible for the accuracy of his work and for any loss or damage to other contractors engaged in work on the site by reason of failure of Subcontractor to set out or perform his work correctly. Subcontractor shall exercise prudence so that actual final conditions and details shall result in perfect alignment of finished surfaces.

## SECTION 18 – PROTECTION OF WORK
Subcontractor shall secure and protect the Work hereunder and shall be responsible for the condition thereof until final acceptance by Architect, Owner, Prime Contractor and Contractor. Subcontractor further agrees to provide such protection as necessary to protect the Work and the workmen of the Prime Contractor and Contractor and other subcontractors from his operations. Subcontractor shall be liable for any loss or damage to any work in place or to any equipment and materials on the job site caused by Subcontractor's acts or omissions or those of his agents or employees.

Contract #22-623-06 DFA Ireland                                                                 Subcontractor Initials _____

DocuSign Envelope ID: 83B1455E-3B32-44AE-B3D5-DCE74BB90F5F

SECTION 19 – USE OF CONTRACTOR'S EQUIPMENT

In the event Subcontractor shall use Prime Contractor's or Contractor's equipment or facilities, Subcontractor assumes all responsibility for, and shall indemnify and hold Prime Contractor and Contractor harmless from any claims, actions, demands, liabilities, or expenses, including attorneys fees, arising from the use of such equipment or facilities by Subcontractor or his agents, employees, or permits, including any violation of safety laws and regulations.

SECTION 20 – CLEAN-UP

At all times during the course of construction, and upon completion of the Work, Subcontractor shall remove his waste from the site as is necessary to maintain the premises in a clean and orderly condition, at Subcontractors sole cost and expense. Subcontractor is solely responsible to keep the area of his work clean and safe from all debris and construction materials.

SECTION 21 – WARRANTY

Subcontractor warrants that all materials and equipment furnished and incorporated in the Work shall be new unless otherwise specified and that all work under this Subcontract Agreement shall be good quality, free from faults and defects and in conformance with all requirements of the Contract Documents. If any imperfect work or materials or other faults or defects appear in the Project or Work within the time specified in the Prime Contractor within any time period allowed by statute, after the completion and acceptance of the Project, and which in the judgment of the Owner, and/or its Architect/Engineer, or Contractor, arise out of improper materials or work of Subcontractor, then Subcontractor shall immediately after written notice from Contractor make good any such faults or defects and remedy any damage to equipment, the site, or the Project which is the result of any such failure or defect and restore any work damaged in fulfilling the terms of this paragraph at its own expense. Should Subcontractor default in making any necessary corrections and/or repairs promptly upon receiving notice, Contractor may, but shall not be required, do such work with either its own labor or the labor of others and recover from Subcontractor the cost thereof, together with overhead at 10% and profit at 10%. Subcontractor agrees to execute any warranty required under the Prime Contract respecting the Work. Any work repaired or replaced pursuant to this paragraph shall also be subject to the provisions of this paragraph to the same extent as work originally performed. The rights and remedies of the Contractor provided in this paragraph are in addition to and do not limit any rights afforded to the Contractor by law or by other terms of this Subcontract Agreement.

SECTION 22 – ASSIGNMENT OF CONTRACT

Subcontractor shall not, without written consent of Contractor, assign, transfer, or sublet any portion or part of the Work nor assign any payments hereunder to others. Contractor may assign or transfer the whole or any part of this Agreement, and his rights hereunder.

SECTION 23 – INDEPENDENT CONTRACTOR

Subcontractor is an independent contractor and shall, at his sole cost and expense and without increase in the Contract Price, comply with all laws, rules ordinances, and regulations of all governing bodies having jurisdiction over the Work, and obtain all necessary permits and licenses, pay all manufacturers' taxes, use taxes, processing taxes and all federal and state taxes, insurance and contributions for Social Security, union benefits and Unemployment which are measured by wages, salaries, or other renumerations paid to Subcontractor's employees, whether levied under existing or subsequently enacted laws, rules or regulations. Subcontractor, upon request, shall furnish evidence satisfactory to Contractor that the foregoing obligations have been fulfilled.

Subcontractor agrees to comply with all statutory or contractual safety requirements applying to his work, including those requirements which may be initiated by Contractor and shall report within twenty-four (24) hours to Contractor any injury to Subcontractor's employees occurring at the job site.

Subcontractor shall maintain and keep in force its own Illness and Injury Prevention Program in full compliance with Federal and/or State OSHA requirements. In addition, Subcontractor shall adhere to all requirements of Prime Contractor and Contractor for the safe conduct of Subcontractor work, provided however, that Subcontractor is solely responsible for the safe conduct of his work, the safety of his employees, and maintaining a safe work area at all times.

In the event that Subcontractor violates any safety requirement, which by direction of any governmental agency, results in a suspension of work on the project, in whole or in part, Subcontractor shall be liable for all damages or expenses resulting from such violation and/or suspension.

SECTION 24 – WAIVER

Any action or omission of Contractor which Subcontractor might claim as an excuse for his own failure to perform shall be deemed waived by Subcontractor unless he shall notify Contractor of his intention to assert such excuse within ten (10) days after the occurrence of any such act or omission.

SECTION 25 – DISPUTE RESOLUTION PROCEDURES; STAY OF STATUTORY PROCEEDING

In the event of any disputes between the Subcontractor and the Contractor, Subcontractor agrees to be bound to Contractor to the same extent that Contractor is bound to Owner both by the terms of the Contract between Contractor and Owner, including its incorporated and referenced documents and any and all decisions or determinations made thereunder. It is agreed that in the event the Contract between Contractor and Owner contains provisions whereby claims are to be processed under certain administrative procedures, arbitration or litigation, then as to any claims of Subcontractor for or on account of acts or omissions of the Owner or its agents or as

Contract #22-623-06 DFA Ireland                                                                                    Subcontractor Initials _____

DocuSign Envelope ID: 83B1455E-3B32-44AE-B3D5-DCE74BB90F5F

to claim of the Owner against the Contractor arising out of or related to causes for which the Subcontractor is responsible, the Subcontractor agrees to participate in and be bound by the results of said procedures, arbitration or litigation between Owner and Contractor. Contractor shall have the option to present such claims in Subcontractor's behalf; however, Subcontractor shall nevertheless have full responsibility for preparation of such claims and shall bear all expenses attendant thereto including attorneys fees, consultant costs and costs of personnel of Contractor reasonably assigned to assist Subcontractor and/or to prepare the said claims. Subcontractor shall be bound by any and all determinations rendered pursuant to the above described provisions notwithstanding its failure or refusal to participate therein and agrees that to the extent it has initiated any statutory proceedings to protect its claimed payment rights under either State law with respect to contract, mechanics lien, stop notice and/or payment bond claim rights or under Federal law pursuant to the Miller Act that the entirety of such proceedings shall be stayed pending final determination of its claims pursuant to the procedures, arbitration or litigation above described and will not independently pursue the said statutory rights until the said final determination is made in the above described proceedings to which the Owner is a party. Subcontractor shall not be entitled to receive any greater amount from Contractor than Contractor is entitled to and actually does receive from the Owner on account of Subcontractor's work, less any markups and costs incurred by Contractor to which Contractor is otherwise entitled. Subcontractor agrees that it will accept such amount, if any, received by Contractor from Owner as full and complete satisfaction and discharge of all claims for or on account of acts or omissions of the Owner or its agents.

SECTION 26 – SPECIAL PROVISIONS
Contractor's policy concerning equal employment opportunity, non-discrimination per Executive Order 11246 and non-segregation of facilities is incorporated into this Subcontract. Subcontractor shall also comply with any similar provision contained in the Prime Contract.

   a. No Discrimination. Subcontractor shall comply with all laws relating to discrimination, including Title VII of the Civil Rights Act of 1964 and its amendments, the American with Disabilities Act, the Age Discrimination and Employment Act and the California and Federal law against discrimination. Subcontractor shall indemnify, defend and hold harmless Far West Contractors Corp. from any and all claims arising from or relating to Subcontractor's failure to comply with any laws.

SECTION 27 – INTEGRATED AGREEMENT
This subcontract contains the complete agreement between the parties with respect to all subcontract work, and nullifies and supersedes all prior negotiations, proposals, stipulations, and agreements whether written or oral. Further, there are no prior or contemporaneous agreements in any way dealing with the subcontract work not included herein. No agent, representative, employee, officer or director of either party, has or had authority, to make any statement, representation, promise or agreement with respect to the subcontract work not set forth in this agreement.

SECTION 28 – ATTORNEY'S FEES
The prevailing party in an action, litigation, or arbitration to enforce or interpret the terms of this Agreement shall be entitled to an award of its attorney's fees and costs.

Contractors are required by law to be licensed and regulated by the Contractors State License Board. Any questions concerning a Contractor may be referred to the Registrar of the Board, whose address is:

Contractors State License Board, 9821 Business Park Dr., Sacramento, California, 95827

IN WITNESS WHEREOF: the parties hereto have executed this Agreement for themselves, their heirs, executors, successors, administrators, and assignees effective on the day and year first above written.

SUBCONTRACTOR

Dave's Door and Hardware

By: _____ Date: 05/10/2022

Title: Manager

State License No.: Harmony King   600031

( ) Corporation  ( ) Partnership  (x) Proprietorship

Federal ID # 33-048-9843

Or Social Security # _____

CONTRACTOR

Far West Contractors Corp.

By: _____ Date: 6/21/22

Title: _____ President

State License No: 870705

Contract #22-623-06 DFA Ireland                                      Subcontractor Initials _____

## ATTACHMENT "A"
### INVOICING INSTRUCTIONS, INSURANCE, AND PRELIMINARY NOTICES

1. Invoices will be accepted once per month and shall be received no later than the 25th of each month.
2. All invoices must be submitted to the Project Manager on the FWCC invoice form before being submitted for payment.
3. Final invoice must be submitted within 45 days after job completion, as defined in "Section 4; Final Payment".
4. All invoices must reference the subcontract number, the contract amount, and the percentage complete to date.
5. All progress billings must include 10% retention withheld.
6. Change order billings must reference a PCO number.
7. The following must be received prior to any contract payment:
   a. Insurance certificates including the following:
   b. Reference to the project and project site address. (You may want to have a certificate issued for "ALL OPERATIONS" – this would eliminate the need for a certificate for each project you do for Far West Contractors Corp.)
   c. Worker's Compensation: Statutory limits -$1,000,000 per occurrence (Include Waiver of Subrogation)
   d. Employer's Liability: Minimum $1,000,000 per occurrence
   e. General Liability: Minimum $2,000,000 per occurrence
   f. Auto Liability: Minimum $2,000,000 per occurrence $1,000,000.00 Combined Single Limit
   g. Certificate shall name FAR WEST CONTRACTORS CORP., CLIENT and OWNER as additional insured.
   h. Should you commence work without complying with the above insurance requirements, no payments shall be made until you have furnished a satisfactory certificate and endorsement.

8. Subcontracts must be signed and returned prior to payment.
9. Copy of current Contractor's license must be on file prior to payment.
10. Current W-9 must be signed and submitted prior to payments.
11. Progress payment waiver and releases from subcontractor and all its suppliers and 2nd tier subcontractors must be submitted with progress billings.
12. Final payment waiver and releases from subcontractor and all its suppliers and 2nd tier subcontractors must be submitted with final billings prior to payment.
13. All warranties, as-built drawings, operation and maintenance manuals must be submitted prior to final payment.
14. All red-lined as-built drawings shall be submitted and/or transmitted to Far West Contractors Corp. (or designate) within five (5) calendar days of written request.

15. **PRELIMINARY NOTICE INFORMATION**

| | |
|---|---|
| Owner: | U.S. REIF SIC 6300 Wilshire, LLC.<br>The Swig Company, LLC<br>6300 Wilshire Blvd. Suite 830<br>Los Angeles, CA 90048 |
| Client: | The Minister for Foreign Affairs Ireland<br>76-78 Harcourt St.<br>Dublin 2, D02 DX45 Ireland |
| Lender: | None |
| General Contractor: | Far West Contractors Corp.<br>1031 S Melrose St.<br>Placentia, CA 92870<br>PH: 714-636-8744 FX: 714-636-8799 |

Contract #22-623-06 DFA Ireland                    Subcontractor Initials

## ATTACHMENT "B"
### JOB SITE RULES AND REGULATIONS

1.  All stocking, deliveries, trash removal and demolition shall be performed during hours of work as dictated by the building owner and/or Far West Contractors Corp. representative.

2.  Any work on the building's fire sprinkler and life safety system must be requested in writing to Far West Contractors Corp. no later than 48 hours in advance.

3.  Proper attire shall be worn by workers on the jobsite. Workers shall wear work boots, shirts and long pants at all times. No tennis shoes, tank tops or shirts with inappropriate language allowed.

4.  Jobsite shall be kept clean at all times. Clean up shall be performed on a continuous basis.
    Public corridors, lobbies and restrooms must be kept clean at all times.

5.  Any procedure causing excess noise or odors shall be coordinated as to not disturb existing tenants, as dictated or required.

6.  No radios or headsets allowed on any Far West Contractors Corp. jobsite.

7.  Construction personnel must use freight elevator or designated job site access at all times.

8.  If access to other areas in a building outside the work area is required, provide written notice for this request with not less than 48 hours notice. Written notice shall be required 48 hours in advance for access into other areas (outside the designated work areas) requiring special access.

9.  No smoking in any building.

10. During the course of the work being performed, subcontractor shall be responsible for the safety of the building, its occupants and the workmen, and shall protect the same as required by law. The subcontractor shall furnish protection against personal injury to employees and the public and furnish a weekly tailgate safety meeting while work is in progress.

11. Normal working hours shall be considered 7AM to 3:30PM Monday through Friday. Any work to be completed outside of these hours requires prior approval and coordinated by Far West Contractors Corp.

12. This Subcontractor is responsible to provide their own dust control prevention for all dust generated by this Subcontractor's on-going scope of work.

13. This Subcontractor shall furnish and install all necessary shoring, trench plates, barricades, formwork, scaffolding, protection, etc. in accordance OSHA, and all local and state ordinances required for the safe completion of this Subcontractor's respective Scope of Work.

14. Subcontractor shall have a full time competent foreman on site during the entirety of this Subcontractor's Scope of Work. FWCC is not responsible to supervise this Subcontractor's workers or any of their sub-tier.

15. This Subcontractor is responsible to obtain and order materials for this project timely to avoid any additional escalation costs. Escalation costs will not be reimbursed by FWCC unless a prior agreement has been acknowledged by both parties.

16. Unless a specific number of move-ins have been agreed upon by both FWCC and this Subcontractor, it is understood that there will be multiple move-ins as directed by FWCC for the proper and timely completion of this Subcontractor's scope of work. This includes additional move-ins to accommodate owner working schedule.

17. It is understood that this Subcontractor has reviewed all the Contract Documents for proper phasing and sequencing of their respective Scope of Work to meet the Project's Construction Schedule.

18. This Subcontractor shall provide adequate manpower to meet all schedule durations pertaining to this Subcontractor's Scope of Work. This includes, but not limited to multiple crews and/or any overtime necessary to meet the respective durations.

Contract #22-623-06 DFA Ireland                                                     Subcontractor Initials ___

DocuSign Envelope ID: 83B1455E-3B32-44AE-B3D5-DCE74BB90F5F

19. Any required inspections will require a 48-hour notice submitted to FWCC. It is the responsibility of this Subcontractor to provide timely inspection notices as to not delay and/or impact the Critical Path of the project.

20. It is this Subcontractor's responsibility to review the Contract Documents for their respective scope of work and submit any Request for Information (RFI) within two (2) weeks prior to this Subcontractor's start to FWCC to not negatively affect the Critical Path. RFI's that are not provided in a timely manner shall not be a cause for delay.

21. This Subcontractor is responsible for timely layout of their own scope of work. Coordinate with FWCC Project Superintendent for proper access and scheduling. Any costs incurred for work in place or finish work that needs to be removed due to this Subcontractor's lack of planning or phasing to install their scope of work shall be reimbursed to FWCC at this Subcontractor's costs.

22. This Subcontractor is responsible for DAILY proper removal and disposal of construction debris generated by this Subcontractor in their own respective trash bins. FWCC will not provide trash bins for this Subcontractor's use. This Subcontractor shall furnish their own trash bins and coordinate staging location with FWCC Superintendent.

23. This Subcontractor is responsible to provide ALL hauling, hoisting, and placement of this Subcontractor's equipment and materials. FWCC will not have equipment onsite for this work. **See Bid Proposal #222045a**

24. This Subcontractor is required to provide their own power to their work area to complete their scope of work. There will be a centralized location for temporary power and spider boxes at the jobsite; it is the responsibility of this Subcontractor to provide bull cords and/or extension cords to their specific area of work.

25. This Subcontractor is responsible to provide their own task lighting for their specific Scope of Work. There will be general site lighting provided by FWCC.

26. This Subcontractor shall be responsible to protect any existing finishes directly adjacent to their scope of work. Any damages caused by this Subcontractor will be repaired at this Subcontractor's cost.

27. This Subcontractor is responsible for all fasteners, adhesives, anchors, straps, epoxy, powder driven anchors, etc. for a proper and complete installation of their respective Scope of Work.

28. Includes providing submittals in a timely manner to not negatively affect the Critical Path of the Project. This includes consideration for review/approval, procurement, delivery, installation, and subsequent trades. Submittals are due no later than ten (10) working days from the issuance of the Notice of Intent. If there are outstanding submittals and/or resubmittals due, it is this Subcontractor's responsibility to provide them on a timely manner prior to the start of any fabrication and installation.

29. This Subcontractor is responsible for their own storage and security of equipment and materials. Any onsite storage shall be coordinated and approved by FWCC.

30. This Subcontractor shall be responsible to receive all deliveries of their own materials and equipment. FWCC will not receive and sign for any deliveries by the Subcontractor or their vendors unless prior arrangements had been made.

31. This Subcontractor is responsible to notify FWCC prior to installation or connection to any substrate that is deemed unacceptable. Without notification, this Subcontractor will be held 100% responsible and will burden ALL costs for repairs and/or rework after failure or discovery of any unacceptable substrate/systems.

32. This Subcontractor is responsible to maintain all fire rated assemblies by installing fire safe, fire caulking, fire sealant, and/or fire safe assemblies for your specific trade.

33. This Subcontractor is responsible for all seismic bracing required for this Subcontractor's Scope of Work.

34. This Subcontractor is responsible for protecting their Scope of Work, including but not limited to all equipment and installations until Final Acceptance and formal acknowledgement of the Owner.

35. This Subcontractor is responsible for providing WEEKLY as-builts to FWCC for any site conditions and/installation that deviates from the Contract Drawings. Monthly, no payment will be made to this Subcontractor unless all as-builts are current and complete for the payment period.

Contract #22-623-06 DFA Ireland                                     Subcontractor Initials _____

DocuSign Envelope ID: 83B1455E-3B32-44AE-B3D5-DCE74BB90F5F

36. Any access required to all existing facilities (buildings, classrooms, offices, etc.) shall be coordinated with FWCC Project Superintendent.

37. All punch list items issued to this Subcontractor must be completed within seven (7) calendar days from written notice from FWCC. It is understood that any incomplete items will be completed by FWCC on behalf of this Subcontractor and all costs shall be the sole burden of this Subcontractor.

38. This Subcontractor shall attend FWCC's weekly foreman's meeting beginning at a minimum two (2) weeks from this Subcontractor's respective start of work.

39. This Subcontractor will provide, at a minimum, one (1) year of warranties/guarantees or what is identified in the Contract Documents.

40. This Subcontractor shall be fully responsible to submit daily, at the end of each working day, a daily report in accordance with the General Conditions. If a daily report is not submitted, FWCC will prepare a daily report on behalf of this Subcontractor and a deductive change order will be processed. This includes all sub-tier contractors.

41. This Subcontractor shall sign in and sign out daily at the FWCC site office. There will be no exceptions. This includes all foremen, workers and vendors as this information is used to verify attendance; and progress payments will not be released without completed sign in sheets.

42. This Subcontractor shall provide one (1) competent, English speaking foreman for the duration of their respective scope of work. Any Foreman approved onsite cannot be replaced without prior written approval from FWCC.

43. This Subcontractor shall coordinate and adhere to ALL delivery times as directed by FWCC Project Superintendent. All deliveries must be coordinated 48-hours in advance with FWCC Project Superintendent.

44. This Subcontractor shall provide flagmen during all deliveries.

45. This Subcontractor shall adhere to the Owner's policy regarding visible tattoos, markings, piercings, etc. All visible tattoos, markings, piercings, etc. shall be covered accordingly while on site grounds.

46. This Subcontractor is contractually bound to adhere to all General Conditions and Division 00 and 01 requirements as these are part of the Contract Documents.

47. This Subcontractor shall not perform any procedure causing excessive noise or odors, shall be coordinated as to not disturb existing tenants, as dictated or required.

48. This Subcontractor shall notify the FWCC superintendent if it needs access to other areas in a building outside the original work area, provide written notice for this request with not less than 48 hours' notice.

49. This Subcontractor shall not let any of their workers smoke in any building at any time, smoking is only allowed in the designated smoking areas which will be determined by the FWCC superintendent.

50. This Subcontractor shall provide their current company MOD Rate and back up documentation to support the rate for this project.

DocuSign Envelope ID: 83B1455E-3B32-44AE-B3D5-DCE74BB90F5F

**ATTACHMENT "C" – *Sample***



**Far West Contractors Corp.**
**1031 S Melrose St.**
**Placentia, CA 92870**
**714-636-8744 - Ph / 714-636-8799 - Fax**

**45 Day Notice to Submit Final Invoice**
# WILL BE SENT VIA E-MAIL OR CERTIFIED MAIL

| Sub Contractor: | Client: |
|---|---|
| Job Completion Date: | Final Invoice Due Date: |

**Project Name:**

In accordance with Contract Section 4, Paragraph 4 "Final Payment", this document serves as final notice to the subcontractor listed above to submit all outstanding invoices to Far West Contractors Corp. within 45 days, as listed above in the Final Invoice Due Date section.

Far West Contractors Corp. must receive your invoice on or before the above final due date to ensure timely processing. Failure to submit your final invoice on or before the above final due date may result in a delay and/or non-payment to subcontractor.

<table>
<tr><td><b>General Contractor:</b><br><b>Far West Contractors Corp.</b><br><br>By:<br><br>Stephen Aguilar, President<br><br>_____</td></tr>
</table>

Contract #22-623-06 DFA Ireland

Subcontractor Initials

DocuSign Envelope ID: 83B1455E-3B32-44AE-B3D5-DCE74BB90F5F

## ATTACHMENT "D"
## COVID-19 EXPOSURE CONTROL PLAN – REQUIREMENTS

In order to minimize the potential exposure from the COVID-19 virus all subcontractors must implement their own COVID-19 "Exposure Control Plan" to be used on all Far West Contractors project sites.

Subcontractors Exposure Plan must include the following at a minimum:

1. Post signage at all project entries in an area visible to all workers informing them of the required entrance requirements and hygienic practices including:
   - Social Distancing is in full effect on this project site. 6' minimum spacing required at all times. Gatherings of any size are prohibited.
   - Proper PPE are required to access the project site, such as gloves, goggles, face shields and masks as required.
   - Not touching one's face with unwashed hands or with gloves
   - Washing one's hands often with soap and water for at least 20 seconds or use of hand sanitizer
   - Cleaning and disinfecting frequently touched objects and surfaces including shared tools and equipment Covering one's mouth and nose when coughing or sneezing as well as other hygienic recommendations by the Centers for Disease Control ("CDC").
   - If anyone entering the project site is experiencing signs of illness, including respiratory illness, fever or cough will not be permitted on site.
   - If anyone has been in recent close contact with someone with laboratory confirmed COVID-19 shall not be permitted on the project site
2. Provide hand washing facilities with soap and water or hand sanitizer and shall ensure that the facilities remain adequately stocked during all times of construction activity.
3. Sharing of tools or equipment will not be permitted.
4. Clean and disinfect frequently touched objects and surfaces at least twice a day and maintain a log of the cleaning schedule on the project site
5. Ensure that its employees or independent contractors wear personal protective equipment ("PPE") such as gloves, goggles and face masks to comply with the provisions of the state mandate and as is appropriate for the activity being performed at the Construction Site. Workers needing close contact (less than 6-feet) in order to perform their work duties shall be required to wear Personal Protective Equipment (PPE) such as face masks, eye protection, and gloves.
6. Instruct its workers and other members of the public at the Construction Site against gathering in groups of any size, including gathering on site for lunch and other breaks. Subcontractors shall ensure that, anytime two or more people must meet, such persons always maintain a distance of six feet from one another.
7. Identify "choke points" and "high-risk areas" where workers are forced to stand together, such as hallways, hoists and elevators, break areas and control them so that social distancing of six feet from one another is maintained
8. Minimize interactions when picking up or delivering equipment or materials so that social distancing of six feet from one another is maintained.
9. If your project requires 4 or more employees, Subcontractor will designate a person as the Construction Site COVID-19 supervisor to enforce the "Exposure Control Plan". The designated COVID-19 Supervisor can also be the project superintendent and shall always be present on the project site during construction activities.
10. Prohibit anyone entering the project site if they are experiencing signs of illness, including respiratory illness, fever or cough or if the project superintendent knows or has reason to know such person has been in recent close contact with someone with laboratory confirmed COVID-19. Subcontractor will require the employee to return home.
11. Require anyone working at the project site to stay home if they are sick and obtain medical care.
12. Require anyone working at the project site to inform their supervisor if they have been exposed to COVID-19 or has a sick family member or other person at home with COVID-19.
13. Subcontractors will take all appropriate steps to ensure that workers minimize their contact with areas within the building but not within the actual construction project, including limiting workers' path of travel in and out of the project site, and, for all such areas with which contact is unavoidable.
14. Subcontractor will notify Far West Contractors if an employee or third tier subcontractor has tested positive for the COVID 19 virus and will work with them in determining the exact locations of the persons locations.
15. The Subcontractor shall maintain a daily attendance log of all workers and provide to Far West Contractors daily.

ATTACHMENT "E"
CONTRACT CONTROL DOCUMENTS

# Exhibit G – DFA Ireland List of Drawings

## Architectural (Wolcott) – Issue For Plan Check Dated 11/29/2021

ARCHITECTURAL

| | |
|---|---|
| A000 | COVER SHEET |
| A001 | PROJECT DATA |
| A003 | GENERAL NOTES |
| A004 | GENERAL NOTES |
| A005 | CAL GREEN AND CITY NOTES |
| A006A | TITLE 24 NOTES (FOR REFERENCE ONLY) |
| A006B | TITLE 24 NOTES (FOR REFERENCE ONLY) |
| A007A | TITLE 24 NOTES (FOR REFERENCE ONLY) |
| A007B | TITLE 24 NOTES (FOR REFERENCE ONLY) |
| A008 | TITLE 24 DIAGRAMS (FOR REFERENCE ONLY) |
| A009 | TITLE 24 DIAGRAMS (FOR REFERENCE ONLY) |
| A011 | SITE PLAN - EXITING AND OCCUPANCY |
| A012 | SITE PLAN - PATH OF TRAVEL |
| A013 | EXISTING RESTROOMS (FOR REFERENCE ONLY) |

ARCHITECTURAL

| | |
|---|---|
| A200 | FLOOR PLAN - DEMOLITION |
| A210 | FLOOR PLAN - NEW |
| A220 | REFLECTED CEILING PLAN |
| A230 | FLOOR PLAN - FINISH AND MATERIAL |
| A240 | FLOOR PLAN - POWER AND COMMUNICATIONS |
| A610 | INTERIOR ELEVATIONS |
| A611 | INTERIOR ELEVATIONS |
| A612 | DETAILS - MILLWORK SECTIONS |
| A613 | DETAILS - MILLWORK SECTIONS |
| A700 | SCHEDULE - DOOR AND WINDOW |
| A710 | SCHEDULE - FINISH AND FIXTURE |
| A800 | DETAILS - WALL AND PARTITION |
| A810 | DETAILS - PLAN AND WALL |
| A820 | DETAILS - DOOR AND WINDOW |
| A830 | DETAILS - INTERIOR AND FINISH |
| A840 | DETAILS - CEILING |

DocuSign Envelope ID: 83B1455E-3B32-44AE-B3D5-DCE74BB90F5F

## Mechanical – Bid Addendum Dated 12/02/2021

M000        MECHANICAL LEGEND SYMBOLS AND ABBREVIATIONS

M001        MECHANICAL T24 COMPLIANCE FORMS

M101        MECHANICAL SPECIFICATIONS

M301        MECHANICAL SCHEDULES

MD501       MECHANICAL HVAC DEMOLITION

M501        MECHANICAL HVAC

M701        MECHANICAL ZONING

M901        MECHANICAL DETAILS

## Plumbing – Bid Addendum Dated 12/02/2021

P000        PLUMBING LEGEND SYMBOLS AND ABBREVIATIONS

P101        PLUMBING SPECIFICATIONS

P201        PLUMBING RISERS

P301        PLUMBING SCHEDULES

P501        PLUMBING PLAN - 14TH FLOOR

P901        PLUMBING DETAILS

## Electrical – Bid Addendum A Dated 12/02/2021

E000        ELECTRICAL LEGEND SYMBOLS AND ABBREVIATIONS

E001        ELECTRICAL T24 COMPLIANCE FORMS

E101        ELECTRICAL SPECIFICATIONS

E201        ELECTRICAL PARTIAL SINGLE LINE DIAGRAM

E301        ELECTRICAL SCHEDULES

E501        ELECTRICAL POWER

E701        ELECTRICAL LIGHTING

E702        ELECTRICAL LIGHTING CONTROLS

E901        ELECTRICAL DETAILS

DocuSign Envelope ID: 83B1455E-3B32-44AE-B3D5-DCE74BB90F5F

## ATTACHMENT "F"
### QUALITY MANAGEMENT PROGRAM & COMMUNICATION PLAN

The Quality Management Program and Communication Plan document is a binding section of this contract. Follow the link below to obtain a copy of the program.

http://farwestcontractors.com/quality-control-program/    - Document not found via link (5/10/2022)

Contract #22-623-06 DFA Ireland                                                    Subcontractor Initials

# EXHIBIT B

LEGAL:05000-1813/14263917.1

Electronically FILED by Superior Court of California, County of Los Angeles on 11/18/2022 12:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
DCN08202304210000245020232100  Date Received-20230421   Scan Intake-04212023   22STCV36523

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT: THE SWIG COMPANY, LLC, a Delaware limited
(AVISO AL DEMANDADO): liability company; BRITTCO WALL SYSTEMS,
INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an
individual; and DOES 1 through 50, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

RAMIRO GONZALEZ, an individual

| FOR COURT USE ONLY |
|---|
| (SOLO PARA USO DE LA CORTE) |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Los Angeles Superior Court

111 N. Hill Street
Los Angeles, CA 90012

| CASE NUMBER: |
|---|
| (Número del Caso): |
| 22STCV36523 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Michael Karns (SBN 232256); William Karns (SBN 238599); Darren T. McBratney (SBN 268622)
Karns & Karns, LLP, 800 W. 6th Street, Suite 800, Los Angeles, CA 90017; (310) 623-9032

DATE:                          Sherri R. Carter Executive Officer / Clerk of Court
(Fecha) 11/18/2022         Clerk, by                                                            , Deputy
                                    (Secretario) ___Y. Tarasyuk___                         (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): THE SWIG COMPANY, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☒ other (specify): LLC

4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 11/18/2022 12:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
DCR082023042 f0000245002023210 Date Received 2023042 Scan Intake 0424 6523 22STCV36523

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jill Feeney

Michael Karns, Esq. (SBN 232256)
William Karns, Esq. (SBN 238599)
Darren T. McBratney, Esq. (SBN 268622)
Karns & Karns, LLP
800 W. 6th St., Ste. 800
Los Angeles, CA 90017
Tel: (310) 623-9032
Fax: (310) 623-9033
Email: firm@karnsandkarns.com

Attorneys for Plaintiff RAMIRO GONZALEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| RAMIRO GONZALEZ, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 through 50, inclusive, <br><br> Defendant. | Case No. 22STCV36523 <br><br> COMPLAINT FOR DAMAGES FOR: <br><br> 1. NEGLIGENCE (PREMISES LIABILITY) <br><br> AMOUNT IN CONTROVERSY EXCEEDS $25,000.00 <br><br> DEMAND FOR JURY TRIAL |

Comes Now Plaintiff, RAMIRO GONZALEZ, an individual, (hereinafter "Plaintiff"), in this Complaint for causes of action against Defendants, THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 through 50, inclusive, and each of them, complains and alleges as follows:

1.      The claims set forth herein arise from an incident that occurred on or about July 11, 2022, in the City of Los Angeles, County of Los Angeles, California (hereinafter "SUBJECT INCIDENT"), which caused severe personal injury to Plaintiff RAMIRO GONZALEZ.

i

DCN0820230421000245020232100 Date Received-20230421 Scan Intake-04212023

2.    At all times relevant and mentioned herein, Plaintiff was and still is a resident of Los Angeles County, California.

3.    Plaintiff is informed, believes, and thereon alleges that Defendant THE SWIG COMPANY, LLC, (hereinafter "SWIG") was, and is, a Delaware limited liability company, with its Headquarters and principal place of business located in the City of San Francisco, California, authorized to do, has regularly done, and is doing, business as a property management company within the County of Los Angeles, California.

4.    Plaintiff is informed and believes, and thereon alleges, that Defendant MEI CHOU, an individual, (hereinafter "CHOU") was at all relevant times an employee and Manager of SWIG located at 6300 Wilshire Boulevard, Suite 140, Los Angeles, California, and was, and is, a resident of the County of Los Angeles, California.

5.    Plaintiff is informed, believes, and thereon alleges that Defendant BRITTCO WALL SYSTEMS, INC., (hereinafter "BRITTCO") was, and is, a California corporation, with its Headquarters and principal place of business located at 2101 W. Crescent Ave., Suite G & H, Anaheim, California, authorized to do, has regularly done, and is doing, business as a construction company within the County of Los Angeles, California.

6.    Plaintiff is informed and believes, and thereon alleges, that Defendant MAY LUONG, an individual, (hereinafter "LUONG") was at all relevant times an employee and Office Manager of BRITTCO and was, and is, a resident of the County of Los Angeles, California.

7.    Plaintiff is informed and believes, and thereon alleges, that DOE 1, an individual, was at all relevant times an employee of SWIG in the course and scope of his employment, and was hired, trained and supervised by CHOU. Plaintiff is also informed and believes, and thereon alleges, that DOE 1 was and is a resident of the County of Los Angeles, California.

8.    Plaintiff is informed and believes, and thereon alleges, that DOE 1-10, individuals, were at all relevant times an employee of Defendants in the course and scope of their employment, and hired, trained and supervised by Defendants. Plaintiff is also informed and

2

COMPLAINT FOR DAMAGES

DCN0820230421000245020232100 Date Received-20230421 Scan Intake-04212023

believes, and thereon alleges, that DOE 1-10 were and are residents of the County of Los Angeles, California.

9. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

10. Plaintiff is informed, believes, and thereon alleges that at all times relevant and mentioned herein, Defendants, including DOES 1 through 50, inclusive, and each of them, were the agents, servants, partners, employees and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them, was acting within the course, scope and authority of said agency, partnership, employment and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venture. Furthermore, that each said Defendant, while acting as a principal expressly directed, consented to, approved, affirmed and ratified each and every action taken by his co-Defendants, as hereinafter alleged. Plaintiff is informed, believes, and thereon alleges that said fictitiously named Defendants, and each of them, engaged in the same or similar conduct as the named Defendants, thereby proximately causing Plaintiff's injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants or employees, or due to their ownership, control, inspection, rental, leasing, use, repair, and/or maintenance of the property where the SUBJECT INCIDENT took place, or in some other manner.

3

COMPLAINT FOR DAMAGES

DCN08202304210000245020232100  Date Received-20230421  Scan Intake-04212023

11.    Plaintiff is informed, believes, and thereon alleges that, at all times relevant and mentioned herein, Defendants' duties of care to Plaintiff stated herein and otherwise, arose out of a special relationship, and/or Defendants' conduct involved a special or peculiar risk of harm, and/or Defendants were operating under a public authority or franchise and were subject to regulations enacted for the protection of the Plaintiff and general public, and therefore Defendants' duties are non-delegable.  Plaintiff is informed, believes, and thereon alleges that Defendants' breaches of those non-delegable duties proximately caused Plaintiff's injuries and damages set forth herein.

12.    At all times herein mentioned, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 1 through 50, inclusive, and each of them, were in possession of, leased, maintained, managed, repaired, occupied, cleaned, controlled and owned a certain property located at 6300 Wilshire Boulevard, Los Angeles, California 90048, more commonly known as "THE SWIG COMPANY" (hereinafter, "the SUBJECT PREMISES").

13.    At all times herein mentioned, defendant CHOU was the Asset Manager at the SUBJECT PREMISES and was responsible for the hiring, training and supervision of all employees at the SUBJECT PREMISES.

14.    At all times herein mentioned, defendant LUONG was the Office Manager at the SUBJECT PREMISES and was responsible for the hiring, training and supervision of all employees at the SUBJECT PREMISES.

### FIRST CAUSE OF ACTION

### NEGLIGENCE

**(By Plaintiff RAMIRO GONZALEZ against all Defendants; and**

**DOES 1 through 50, inclusive.)**

15.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

16.    At all times herein mentioned, defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 1 through 50, inclusive, and each of them, were the owners, partners and/or persons

4

COMPLAINT FOR DAMAGES

DCN08202304210000245020232100 Date Received-20230421 Scan Intake-04212023

or entities responsible for maintaining the SUBJECT PREMISES, and the property located therein in a reasonably safe condition.

17. Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, owed a duty of care to the public, including Plaintiff, in the hiring, retention, supervision and training of their agents, employees, servants, and/or independent contractors.

18. Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, were negligent in the hiring, retention, supervision and/or training of Defendant DOES 1-10 in that Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, knew or should have known facts which would warn a reasonable person that Defendant DOES 1-10 presented an undue risk of harm to third persons in light of the particular work to be performed. In particular, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, knew or should have known that Defendant DOES 1-10 were unfit for the specific tasks to be performed during the course of his employment, namely attending to and assisting customers, and keeping the SUBJECT PREMISES in a reasonably safe condition.

19. Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, were negligent by failing to provide any or sufficient training or supervision to Defendant DOES 1-10 after hiring them, and retained Defendant DOES 1-10 as an employee for job performance which mainly included assisting and attending to the needs of customers, and keeping the SUBJECT PREMISES in a reasonably safe condition.

20. Plaintiff is informed, believes, and thereon alleges that the aforementioned negligent hiring, retention, supervision and training of Defendant DOES 1-10 by Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 2 through 50, inclusive, directly, legally and proximately caused or was a substantial factor in causing the SUBJECT INCIDENT.

21. On or about July 11, 2022, and prior thereto, the Defendants, and each of them, were responsible for maintaining and keeping safe the SUBJECT PREMISES. At said time and

DCN0820230421000024502023210D Date Received-20230421 Scan Intake-04212023

place, Defendants, and each of them, negligently, carelessly and recklessly failed to maintain the SUBJECT PREMISES in a safe condition. Defendants further failed to post adequate warnings, all of which caused an unsafe and dangerous condition that created substantial risk for the type of injury hereinafter alleged. Specifically, Defendants placed and left an overweight bulletproof door on a drywall/sheetrock dolly. The dolly was never intended to be used to hold or deliver the bulletproof door and was only intended to be used for transporting drywall/sheetrock. Defendants left the overweight bulletproof door on the dolly unattended and knew or should have known that the dolly needed to be used for the transport of drywall/sheetrock. Further, the Defendants knew or should have known that the overweight bulletproof door would need to be removed from the dolly to transport drywall/sheetrock. Defendants knew or should have known that given its weight and dimensions removing the overweight bulletproof door from the dolly would constitute a dangerous condition with a substantial risk for causing injury.

22. Defendants had actual inquiry and/or constructive knowledge of the above-described dangerous condition and knew or should have known of the dangerous condition in sufficient time prior to or on July 11, 2022, as the condition was created by the Defendants and/or had existed for a sufficient period of time, in the exercise of due care, the Defendants should have discovered the dangerous character of said condition and taken reasonable measures to make said condition safe.

23. The SUBJECT INCIDENT occurred on or about July 11, 2022, when Plaintiff was lawfully on the above-described premises, and as a direct and proximate result of the above-described dangerous condition, randomly and carelessly placed a large bulletproof door on Plaintiff's dolly used to load drywall. As Plaintiff tried to move the door off the dolly, the door fell on Plaintiff's foot, causing Plaintiff the injuries and damages as hereinafter set forth.

24. As a legal, direct, and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff was injured and hurt in Plaintiff's health, strength and activity, sustaining serious injuries to Plaintiff's body, including neurological injury, and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering. Plaintiff is further

6

COMPLAINT FOR DAMAGES

DCN08202304210000245020232100  Date Received-20230421  Scan Intake-04212023

informed, believes, and thereon alleges that said injuries will result in some permanent disability to Plaintiff, all to Plaintiff's general damage in an amount which will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

25.    As a legal, direct and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff was prevented from attending Plaintiff's usual occupation and/or Plaintiff is informed and believes, and thereon alleges, that Plaintiff will be prevented from fully attending to Plaintiff's occupation in the future, and thereby will also sustain a loss of earning capacity and loss of opportunity, in addition to lost earnings, past, present and future according to proof, pursuant to California Code of Civil Procedure Section 425.10.

26.    As a legal, direct, and proximate result of the conduct of the Defendants, and each of them, Plaintiff was compelled to and did employ the services of health care providers to care for and treat Plaintiff, and did incur medical and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that by reason of Plaintiff's injuries, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff, RAMIRO GONZALEZ, an individual, hereby prays for judgment against Defendants THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 to 50, inclusive, and each of them, as follows:

1.    For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

7

COMPLAINT FOR DAMAGES

DCN0820230421000002450202232100  Date Received-20230421  Scan Intake-04212023

2.    For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3.    For prejudgment interest, according to proof;

4.    For costs of suit incurred herein, according to proof;

5.    For injunctive relief the Court may deem just and proper; and

6.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff, RAMIRO GONZALEZ, an individual, hereby demands a trial by jury as to all causes of action.

Dated: November 18, 2022                                          Karns & Karns, LLP

By:    _____
         Darren T. McBratney
         Attorney for Plaintiff, RAMIRO
         GONZALEZ

8

COMPLAINT FOR DAMAGES

# EXHIBIT C

LEGAL:05000-1813/14263917.1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/22/2023 04:15 PM David W. Slayton, Executive Officer/Clerk of Court, by J. Tang, Deputy Clerk
Case 2:23-cv-03548-HDV-MAR    Document 22    Filed 06/12/23    Page 47 of 70    Page ID
#:289

**SUM-110**

# SUMMONS
## Cross-Complaint
### (CITACION JUDICIAL–CONTRADEMANDA)

**NOTICE TO CROSS-DEFENDANT:**
*(AVISO AL CONTRA-DEMANDADO):*

BRITTCO WALL SYSTEMS, INC., a California Corporation; MAY
LOUNG, an Individual; CONSULATE GENERAL OF IRELAND - LA;
FAR WEST CONTRACTORS, CORP.; and ROES 1 through 25, inclusive

**YOU ARE BEING SUED BY CROSS-COMPLAINANT:**
*(LO ESTÁ DEMANDANDO EL CONTRADEMANDANTE):*

THE SWIG COMPANY, LLC, a Delaware limited liability Company,
and MEI CHOU, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the cross-complainant. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por esqrito en esta corte y hacer que se entregue una copia al contrademandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), o oniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles

312 North Spring Street, Los Angeles, CA 90012

**SHORT NAME OF CASE** *(from Complaint): (Nombre de Caso):*
Ramirez v. The Swig Company, LLC, et al.

**CASE NUMBER:** *(Número del Caso):*
22STCV36523

The name, address, and telephone number of cross-complainant's attorney, or cross-complainant without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del contrademandante, o del contrademandante que no tiene abogado, es):* Lisa Mersereau, Esq. (CSB No. 170942) Schumann Rosenberg & Arevlo LLP, 3100 Bristol Street, Suite 100
Costa Mesa, CA 92626

David W. Slayton, Executive Officer/Clerk of Court

**DATE:** 03/22/2023
*(Fecha)*

Clerk, by ____ J. Tang ____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons *(POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual cross-defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* BRITTCO WALL SYSTEMS, INC., a California Corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-110 [Rev. July 1, 2009]

**SUMMONS—CROSS-COMPLAINT**

Code of Civil Procedure, §§ 412.20, 428.60, 465
www.courtinfo.ca.gov

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**COME NOW**, Defendants/Cross-Complainants, THE SWIG COMPANY, LLC and MEI CHOU (collectively, "Cross-Complainants"), which hereby allege this Cross-Complaint against Cross-Defendants, BRITTCO WALL SYSTEMS, INC. ("BRITTCO"), a California Corporation; MAY LOUNG, an Individual; CONSULATE GENERAL OF IRELAND - LA; FAR WEST CONTRACTORS, CORP. ("FAR WEST"); and ROES 1-25, inclusive as follows:

**FIRST CAUSE OF ACTION**

**(For Equitable/Implied Indemnity Against All Named Cross-Defendants and ROES 1-25)**

1. Cross-Complainant, THE SWIG COMPANY, LLC ("SWIG") is now, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Delaware with its headquarters and principal place of business located in San Francisco, California, authorized to do business and doing business as a property management company in the County of Los Angeles, California.

2. Cross-Complainant, MEI CHOU ("CHOU"), is and at all relevant times was an employee and Asset Manager of SWIG located at 6300 Wilshire Boulevard, Suite 140, Los Angeles, California, and is a resident of the County of Los Angeles, California.

3. Cross-Complainants are informed and believe and thereon allege that Cross-Defendant BRITTCO was, and is, a California corporation with its headquarters and principal place of business located at 2101 W, Crescent Avenue, Suites G & H, Anaheim, California, and authorized to do, has regularly done, and is doing business as a construction company in the County of Los Angeles, California.

4. Cross-Complainants are informed and believe and thereon allege that Cross-Defendant, MAY LOUNG, was at all relevant times an employee and Office Manager of BRITTCO and was, and is, a resident of the County of Los Angeles, California.

5. Cross-Complainants are informed and believe and thereon allege that Cross-Defendant, CONSULATE GENERAL OF IRELAND - LA, was, and is, an official representative of the Government of the Republic of Ireland, with its headquarters and principal place of business located at 6300 Wilshire Boulevard, Suite 1440, Los Angeles, California, authorized to do, has

-2-

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

regularly done, and is doing, business within the County of Los Angeles, California.

6. Cross-Complainants are informed and believe and thereon allege that Cross-Defendant, FAR WEST, was, and is, a California corporation with its headquarters and principal place of business located at 1031 S. Melrose St., Placentia, California, and authorized to do, has regularly done, and is doing business as a construction company in the County of Los Angeles, California.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of Cross-Defendants, ROES 1 through 25, inclusive, are unknown to Cross-Complainants, which, therefore, sue said Cross-Defendants by such fictitious names and will ask leave of court to show their true names and capacities when the same have been ascertained. Cross-Complainants are informed and believe and thereupon allege that each of said Cross-Defendants are, negligently or in some other actionable manner, legally responsible for proximately causing the events, happenings and occurrences referred to herein.

8. Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants, ROES 1 through 25, inclusive, and each of them, are individuals, business entities and/or governmental entities doing business or located in the State of California.

9. Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants, and each of them, were the agents and/or employees, co-venturers, partners, or in some other manner agents and/or principals for each other and acting within the course and scope of said agency and/or employment.

10. Plaintiff's action, the principal action herein, alleges, among other things, tortious conduct allegedly entitling Plaintiff to compensatory damages against Cross-Complainants. Plaintiff was allegedly damaged as described in the operative Complaint on file herein, and Cross-Complainants herein contend and continue to contend that they are in no way actionably liable for the events and occurrences, tortious and otherwise, alleged in Plaintiff's operative Complaint, a copy of which is attached hereto as **Exhibit "A"** for reference purposes only and is incorporated herein by reference as though fully set forth.

11. If it is adjudicated that Plaintiff was damaged as alleged in the operative Complaint,

-3-

which supposition is not admitted and is denied, then Cross-Complainants are informed and believe and thereupon allege that the alleged incident and all damages complained of were caused directly and proximately by Cross-Defendants thereby breaching duties owed to Cross-Complainants. Accordingly, Cross-Complainants hereby give notice to and tender their defense against Plaintiff's Operative Complaint and all causes of action and claims therein to all named Cross-Defendants and ROES 1-25, inclusive, pursuant to Code of Civil Procedure section 1021.6.

12. That by reason of the foregoing, if Plaintiff is entitled to recover against Cross-Complainants on the basis of any of the allegations alleged, which is denied by Cross-Complainants, then the responsibilities of Cross-Complainants, if any, are vicarious in nature and, Cross-Complainants, as passive and secondary alleged tortfeasors, are entitled to judgment over and against Cross-Defendants, and each of them, to the extent of such recovery by Plaintiff in that it was the active and primary negligence of said Cross-Defendants, and each of them, which caused Plaintiff to be damaged.

## SECOND CAUSE OF ACTION

### (For Contribution/Apportionment of Fault Against All Named Cross-Defendants and ROES 1-25)

13. Cross-Complainants refer to and incorporate herein by reference each and every paragraph of the above First Cause of Action as though set forth herein in full.

14. Cross-Complainants are named Defendants in the above-entitled action filed by Plaintiff.

15. Cross-Complainants are informed and believe and thereupon allege that each of the Cross-Defendants were negligently or otherwise tortiously responsible, in whole or in part, in some proportional relation to themselves and to Cross-Complainants, for the injuries, if any, allegedly suffered by Plaintiff. Further, that in the event Cross-Complainants be judged jointly liable with Cross-Defendants, that each Cross-Defendant herein be required to pay to Cross-Complainants a sum equal to the proportionate share of monetary payments, if any there be, made to Plaintiff.

16. Further, that if Cross-Complainants are found partially responsible to Plaintiff for damages and if Cross-Complainants are required to pay Plaintiff any amount in excess of the degree

-4-

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

of comparative fault of Cross-Complainants, if any, then Cross-Complainants are entitled to recover from Cross-Defendants, and each of them, the amount of said excess paid.

## THIRD CAUSE OF ACTION

### (For Declaratory Relief Against All Named Cross-Defendants and ROES 1-25)

17.    Cross-Complainants refer to and incorporate herein by reference, each and every paragraph of the First and Second Causes of Action as though set forth herein in full.

18.    An actual controversy has arisen and exists between Cross-Complainants and Cross-Defendants, and each of them, for which Cross-Complainants have no adequate or speedy remedy at law in that Cross-Complainants assert that they are entitled to be indemnified by Cross-Defendants, and each of them, and Cross-Defendants deny that Cross-Complainants are entitled to such indemnification.

## FOURTH CAUSE OF ACTION

### (For Breach of Contract Against Cross-Defendants,

### CONSULATE GENERAL OF IRELAND – LA and ROES 11-25)

19.    Cross-Complainants refer to and incorporate herein by reference each and every paragraph of the above First, Second and Third Causes of Action as though set forth herein in full.

20.    Cross-Complainants are informed and believe and thereupon allege that they entered into a contract or contracts with CONSULATE GENERAL OF IRELAND – LA and ROES 11 through 25, or one or more of them, which contract or contracts pertain to the incident which is the subject of Plaintiff's action herein.

21.    Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants, or one or more of them, in said contract or contracts promised to obtain general liability insurance pursuant to their respective contracts, with specified limits of liability that provided coverage for contractually assumed liability, among other things. Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants also promised to obtain endorsements to those policies of insurance naming Cross-Complainants as additional insureds with respect to liability arising out of Cross-Defendants' negligence. Cross-Complainants are further informed and

-5-

CROSS-COMPLAINT BY THE CIVIC COMPANY LLC

believe and thereupon allege that Cross-Defendants promised to defend and indemnify Cross-Complainants for any and all actions, costs, claims, losses, expenses and/or damages, including, but not limited to reasonable attorneys' fees.

22. Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants, and each of them, have breached the contracts by, among other things, failing to procure the required insurance, failing to take the required actions to make Cross-Complainants additional insureds on the subject insurance policies, and failing and/or refusing to defend and indemnify Cross-Complainants in this action.

23. As a direct and proximate result of Cross-Defendants' breaches of contract, Cross-Complainants have been damaged in a sum that is currently unascertainable, but which will be established according to proof at trial.

### FIFTH CAUSE OF ACTION

### (For Express Contractual Indemnity Against Cross-Defendants,

### CONSULATE GENERAL OF IRELAND - LA and ROES 11-25)

24. Cross-Complainants refer to and incorporate herein by reference each and every paragraph of the above First, Second, Third, and Fourth Causes of Action as though set forth herein in full.

25. Cross-Complainants are informed and believe and thereupon allege that they entered into a written agreement or agreements with Cross-Defendants, CONSULATE GENERAL OF IRELAND - LA and ROES 11 through 25, or one or more of them, which state, among other things, that said Cross-Defendants will indemnify and hold Cross-Complainants harmless and defend them from and against any and all liabilities, damages, actions, costs, losses, claims, and expenses on account of personal injury, losses, damages, injuries and/or liabilities caused by CONSULATE GENERAL OF IRELAND - LA and ROES 11 through 25, and their directors, officers, managers, members, employees, and agents.

26. Plaintiff in his operative Complaint alleges that he has suffered losses and damages caused by, incident to, or growing out of the acts or omissions of Cross-Defendants, CONSULATE GENERAL OF IRELAND - LA and ROES 11-25. Accordingly, pursuant to such written agreement

-6-

or agreements, Cross-Complainants are entitled to be indemnified, defended, and held harmless by CONSULATE GENERAL OF IRELAND - LA and ROES 11-25, and each of them, as set forth in said agreement or agreements.

27.     Cross-Complainants have fully performed all conditions, covenants, and promises required by them to be performed in accordance with the terms and conditions of the written agreement or agreements with Cross-Defendants, CONSULATE GENERAL OF IRELAND - LA and ROES 11 through 25.

28.     Cross-Complainants are informed and believe and thereupon allege that Cross-Defendants, CONSULATE GENERAL OF IRELAND - LA and ROES 11-25, and each of them, have breached their obligations under the written agreement or agreements, where they have failed and refused, and continue to fail and refuse, to fulfill and perform their obligations under said agreement or agreements to defend, indemnify, and hold Cross-Complainants free and harmless from and against any claims, losses, damages, expenses and liabilities with regard to the claims made by Plaintiff in his operative Complaint in the within action.

29.     By Plaintiff's operative Complaint described herein, Plaintiff alleges personal injuries and related damages arising out of an incident which is the subject of Plaintiff's operative Complaint. Cross-Complainants have complied with all of their obligations under the written agreement or agreements with Cross-Defendants. Cross-Defendants negligently carried out their contractual and other duties, thus causing Plaintiffs' claimed injuries and damages. To date, Cross-Defendants have failed and refused to, and continue to fail and refuse to, abide by their contractual obligations to defend and indemnify Cross-Complainants with respect to the claims asserted by Plaintiff herein.

30.     Cross-Complainants have incurred and continue to incur costs, attorneys' fees, and related expenses to defend against Plaintiff's claims asserted herein, which Cross-Defendants, CONSULATE GENERAL OF IRELAND - LA and ROES 11- 25 are obligated to pay. Moreover, in the event of a trial on Plaintiff's claims herein, if Plaintiff's contentions and allegations are established as true, Cross-Complainants may be damaged as a result of the acts and omissions of the applicable Cross-Defendants by being compelled to pay a judgment rendered in favor of Plaintiff

-7-

which judgment should, in law and equity, be paid and borne by the applicable Cross-Defendants. Cross-Complainants will also be damaged by the acts and omissions of said Cross-Defendants by being required to further incur costs of suit, including, but not limited to, costs of defense, attorneys' fees, and related expenses through trial.

31.      Cross-Complainants hereby demand that the applicable Cross-Defendants indemnify and hold Cross-Complainants harmless; assume the defense of this action on behalf of Cross-Complainants; take such necessary and required acts to protect Cross-Complainants; and pay all claims, settlements, judgments, costs, attorneys' fees, and related expenses, pursuant to the terms of the written agreement or agreements.

**WHEREFORE**, Cross-Complainants pray for judgment as follows:

## ON THE FIRST CAUSE OF ACTION

1.      For judgment over and against Cross-Defendants, and each of them, for all sums that may be adjudged against Cross-Complainants in favor of Plaintiff by reason of the operative Complaint herein.

## ON THE SECOND CAUSE OF ACTION

2.      For judgment over and against Cross-Defendants, and each of them, for an amount in excess of Cross-Complainants' proportionate degree of comparative fault, if any, for the damages to Plaintiff, if any.

## ON THE THIRD CAUSE OF ACTION

3.      That the Court determine, adjudge, declare and decree the proportionate degrees of comparative fault, if any, of each party, and that Cross-Complainants are entitled to indemnification from Cross-Defendants, and each of them, for any sum or sums that Cross-Complainants may come to pay by virtue of the actions brought against them on file herein, including reasonable attorneys' fees and costs of defense.

## ON THE FOURTH AND FIFTH CAUSES OF ACTION

4.      For a judicial determination that Cross-Defendants, CONSULATE GENERAL OF IRELAND – LA and ROES 11- 25, are obligated to defend and indemnify Cross-Complainants for their defense of and liability to Plaintiff's underlying action, and for an award of damages according

-8-

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

to proof.

## ON ALL CAUSES OF ACTION

5.    For attorneys' fees, expert consultants' and expert witnesses' fees, and other costs of suit and disbursements incurred herein;

6.    For interest at the legal rate in regard to the costs of suit and disbursements incurred herein; and

7.    For such other and further relief as this honorable Court may deem just and proper.

DATED: March 22, 2023

SCHUMANN ROSENBERG & AREVALO LLP

By: _____
Eric Arevalo, Esq.
Lisa Mersereau, Esq.
Attorneys for Defendants/Cross-Complainants,
THE SWIG COMPANY LLC, a Delaware
limited liability Company, and MEI CHOU, an
individual

SCHUMANN ROSENBERG & AREVALO LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 100
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE: (714) 850-0210

-9-

# Exhibit "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 11/18/2022 12:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

Case 2:23-cv-03548-HDV-MAR    Document 22    Filed 06/12/23    Page 57 of 70    Page ID
#:299

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** THE SWIG COMPANY, LLC, a Delaware limited
**(AVISO AL DEMANDADO):** liability company; BRITTCO WALL SYSTEMS,
INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an
individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

RAMIRO GONZALEZ, an individual

| FOR COURT USE ONLY |
|---|
| (SOLO PARA USO DE LA CORTE) |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es): Los Angeles Superior Court
111 N. Hill Street
Los Angeles, CA 90012

| CASE NUMBER: |
|---|
| (Número del Caso): |
| 22STCV36523 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Michael Karns (SBN 232256); William Karns (SBN 238599); Darren T. McBratney (SBN 268622)
Karns & Karns, LLP, 800 W. 6th Street, Suite 800, Los Angeles, CA 90017; (310) 623-9032

DATE: Sherri R. Carter Executive Officer / Clerk of Court
(Fecha) 11/18/2022     Clerk, by _____ , Deputy
(Secretario) __Y. Tarasyuk__ (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): THE SWIG COMPANY, LLC, a Delaware limited liability company
under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☒ other (specify): LLC
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 11/18/2022 12:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Trocyuk, Deputy Clerk
22STCV36523

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jill Feeney

Michael Karns, Esq. (SBN 232256)
William Karns, Esq. (SBN 238599)
Darren T. McBratney, Esq. (SBN 268622)
Karns & Karns, LLP
800 W. 6th St., Ste. 800
Los Angeles, CA 90017
Tel: (310) 623-9032
Fax: (310) 623-9033
Email: firm@karnsandkarns.com

Attorneys for Plaintiff RAMIRO GONZALEZ

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| RAMIRO GONZALEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 22STCV36523<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1. NEGLIGENCE (PREMISES LIABILITY)**<br><br>AMOUNT IN CONTROVERSY EXCEEDS $25,000.00<br><br>DEMAND FOR JURY TRIAL |

Comes Now Plaintiff, RAMIRO GONZALEZ, an individual, (hereinafter "Plaintiff"), in this Complaint for causes of action against Defendants, THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 through 50, inclusive, and each of them, complains and alleges as follows:

1.     The claims set forth herein arise from an incident that occurred on or about July 11, 2022, in the City of Los Angeles, County of Los Angeles, California (hereinafter "SUBJECT INCIDENT"), which caused severe personal injury to Plaintiff RAMIRO GONZALEZ.

COMPLAINT FOR DAMAGES

2. At all times relevant and mentioned herein, Plaintiff was and still is a resident of Los Angeles County, California.

3. Plaintiff is informed, believes, and thereon alleges that Defendant THE SWIG COMPANY, LLC, (hereinafter "SWIG") was, and is, a Delaware limited liability company, with its Headquarters and principal place of business located in the City of San Francisco, California, authorized to do, has regularly done, and is doing, business as a property management company within the County of Los Angeles, California.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant MEI CHOU, an individual, (hereinafter "CHOU") was at all relevant times an employee and Manager of SWIG located at 6300 Wilshire Boulevard, Suite 140, Los Angeles, California, and was, and is, a resident of the County of Los Angeles, California.

5. Plaintiff is informed, believes, and thereon alleges that Defendant BRITTCO WALL SYSTEMS, INC., (hereinafter "BRITTCO") was, and is, a California corporation, with its Headquarters and principal place of business located at 2101 W. Crescent Ave., Suite G & H, Anaheim, California, authorized to do, has regularly done, and is doing, business as a construction company within the County of Los Angeles, California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant MAY LUONG, an individual, (hereinafter "LUONG") was at all relevant times an employee and Office Manager of BRITTCO and was, and is, a resident of the County of Los Angeles, California.

7. Plaintiff is informed and believes, and thereon alleges, that DOE 1, an individual, was at all relevant times an employee of SWIG in the course and scope of his employment, and was hired, trained and supervised by CHOU. Plaintiff is also informed and believes, and thereon alleges, that DOE 1 was and is a resident of the County of Los Angeles, California.

8. Plaintiff is informed and believes, and thereon alleges, that DOE 1-10, individuals, were at all relevant times an employee of Defendants in the course and scope of their employment, and hired, trained and supervised by Defendants. Plaintiff is also informed and

2

COMPLAINT FOR DAMAGES

believes, and thereon alleges, that DOE 1-10 were and are residents of the County of Los Angeles, California.

9.   The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

10.   Plaintiff is informed, believes, and thereon alleges that at all times relevant and mentioned herein, Defendants, including DOES 1 through 50, inclusive, and each of them, were the agents, servants, partners, employees and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them, was acting within the course, scope and authority of said agency, partnership, employment and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venture. Furthermore, that each said Defendant, while acting as a principal expressly directed, consented to, approved, affirmed and ratified each and every action taken by his co-Defendants, as hereinafter alleged. Plaintiff is informed, believes, and thereon alleges that said fictitiously named Defendants, and each of them, engaged in the same or similar conduct as the named Defendants, thereby proximately causing Plaintiff's injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants or employees, or due to their ownership, control, inspection, rental, leasing, use, repair, and/or maintenance of the property where the SUBJECT INCIDENT took place, or in some other manner.

Electronically FILED by Superior Court of California, County of Los Angeles on 03/22/2023 04:13 PM David W. Slayton, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

**SCHUMANN ROSENBERG & AREVALO LLP**
ERIC AREVALO (CSB No. 255725)
*Arevalo@SchumannRosenberg.com*
LISA MERSEREAU (CSB No. 170942)
*Mersereau@SchumannRosenberg.com*
3100 Bristol Street, Suite 100
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile (714) 850-0551

Attorneys for Defendants/Cross-Complainants, THE SWIG COMPANY, LLC, a Delaware limited liability Company, and MEI CHOU, an individual

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE

| | |
|---|---|
| RAMIRO GONZALEZ, an Individual<br><br>Plaintiff,<br><br>v.<br><br>THE SWIG COMPANY, LLC, a Delaware limited liability Company; BRITTCO WALL SYSTEMS, INC., a California Corporation; MEI CHOU, an Individual; MAY LOUNG, an Individual; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.     22STCV36523<br>Judge:     Hon. Jill Feeney<br>Department   30<br><br>**CROSS-COMPLAINT BY THE SWIG COMPANY, LLC AND MEI CHOU**<br><br>Date Action Filed:    November 18, 2022<br>Trial Date:    May 17, 2024 |
| THE SWIG COMPANY, LLC, a Delaware limited liability Company and MEI CHOU, an individual<br><br>Cross-Complainants,<br><br>v.<br><br>BRITTCO WALL SYSTEMS, INC., a California Corporation; MAY LOUNG, an Individual; CONSULATE GENERAL OF IRELAND - LA; FAR WEST CONTRACTORS, CORP.; and ROES 1 through 25, inclusive<br><br>Cross-Defendants. | |

-1-

11. Plaintiff is informed, believes, and thereon alleges that, at all times relevant and mentioned herein, Defendants' duties of care to Plaintiff stated herein and otherwise, arose out of a special relationship, and/or Defendants' conduct involved a special or peculiar risk of harm, and/or Defendants were operating under a public authority or franchise and were subject to regulations enacted for the protection of the Plaintiff and general public, and therefore Defendants' duties are non-delegable. Plaintiff is informed, believes, and thereon alleges that Defendants' breaches of those non-delegable duties proximately caused Plaintiff's injuries and damages set forth herein.

12. At all times herein mentioned, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 1 through 50, inclusive, and each of them, were in possession of, leased, maintained, managed, repaired, occupied, cleaned, controlled and owned a certain property located at 6300 Wilshire Boulevard, Los Angeles, California 90048, more commonly known as "THE SWIG COMPANY" (hereinafter, "the SUBJECT PREMISES").

13. At all times herein mentioned, defendant CHOU was the Asset Manager at the SUBJECT PREMISES and was responsible for the hiring, training and supervision of all employees at the SUBJECT PREMISES.

14. At all times herein mentioned, defendant LUONG was the Office Manager at the SUBJECT PREMISES and was responsible for the hiring, training and supervision of all employees at the SUBJECT PREMISES.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

**(By Plaintiff RAMIRO GONZALEZ against all Defendants; and**

**DOES 1 through 50, inclusive.)**

15. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

16. At all times herein mentioned, defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 1 through 50, inclusive, and each of them, were the owners, partners and/or persons

4

COMPLAINT FOR DAMAGES

or entities responsible for maintaining the SUBJECT PREMISES, and the property located therein in a reasonably safe condition.

17.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, owed a duty of care to the public, including Plaintiff, in the hiring, retention, supervision and training of their agents, employees, servants, and/or independent contractors.

18.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, were negligent in the hiring, retention, supervision and/or training of Defendant DOES 1-10 in that Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, knew or should have known facts which would warn a reasonable person that Defendant DOES 1-10 presented an undue risk of harm to third persons in light of the particular work to be performed. In particular, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, knew or should have known that Defendant DOES 1-10 were unfit for the specific tasks to be performed during the course of his employment, namely attending to and assisting customers, and keeping the SUBJECT PREMISES in a reasonably safe condition.

19.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 11 through 50, inclusive, were negligent by failing to provide any or sufficient training or supervision to Defendant DOES 1-10 after hiring them, and retained Defendant DOES 1-10 as an employee for job performance which mainly included assisting and attending to the needs of customers, and keeping the SUBJECT PREMISES in a reasonably safe condition.

20.    Plaintiff is informed, believes, and thereon alleges that the aforementioned negligent hiring, retention, supervision and training of Defendant DOES 1-10 by Defendants SWIG, BRITTCO, CHOU, LUONG, and DOES 2 through 50, inclusive, directly, legally and proximately caused or was a substantial factor in causing the SUBJECT INCIDENT.

21.    On or about July 11, 2022, and prior thereto, the Defendants, and each of them, were responsible for maintaining and keeping safe the SUBJECT PREMISES. At said time and

5

COMPLAINT FOR DAMAGES

place, Defendants, and each of them, negligently, carelessly and recklessly failed to maintain the SUBJECT PREMISES in a safe condition. Defendants further failed to post adequate warnings, all of which caused an unsafe and dangerous condition that created substantial risk for the type of injury hereinafter alleged. Specifically, Defendants placed and left an overweight bulletproof door on a drywall/sheetrock dolly. The dolly was never intended to be used to hold or deliver the bulletproof door and was only intended to be used for transporting drywall/sheetrock. Defendants left the overweight bulletproof door on the dolly unattended and knew or should have known that the dolly needed to be used for the transport of drywall/sheetrock. Further, the Defendants knew or should have known that the overweight bulletproof door would need to be removed from the dolly to transport drywall/sheetrock. Defendants knew or should have known that given its weight and dimensions removing the overweight bulletproof door from the dolly would constitute a dangerous condition with a substantial risk for causing injury.

22. Defendants had actual inquiry and/or constructive knowledge of the above-described dangerous condition and knew or should have known of the dangerous condition in sufficient time prior to or on July 11, 2022, as the condition was created by the Defendants and/or had existed for a sufficient period of time, in the exercise of due care, the Defendants should have discovered the dangerous character of said condition and taken reasonable measures to make said condition safe.

23. The SUBJECT INCIDENT occurred on or about July 11, 2022, when Plaintiff was lawfully on the above-described premises, and as a direct and proximate result of the above-described dangerous condition, randomly and carelessly placed a large bulletproof door on Plaintiff's dolly used to load drywall. As Plaintiff tried to move the door off the dolly, the door fell on Plaintiff's foot, causing Plaintiff the injuries and damages as hereinafter set forth.

24. As a legal, direct, and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff was injured and hurt in Plaintiff's health, strength and activity, sustaining serious injuries to Plaintiff's body, including neurological injury, and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering. Plaintiff is further

6
COMPLAINT FOR DAMAGES

informed, believes, and thereon alleges that said injuries will result in some permanent disability to Plaintiff, all to Plaintiff's general damage in an amount which will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

25. As a legal, direct and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff was prevented from attending Plaintiff's usual occupation and/or Plaintiff is informed and believes, and thereon alleges, that Plaintiff will be prevented from fully attending to Plaintiff's occupation in the future, and thereby will also sustain a loss of earning capacity and loss of opportunity, in addition to lost earnings, past, present and future according to proof, pursuant to California Code of Civil Procedure Section 425.10.

26. As a legal, direct, and proximate result of the conduct of the Defendants, and each of them, Plaintiff was compelled to and did employ the services of health care providers to care for and treat Plaintiff, and did incur medical and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that by reason of Plaintiff's injuries, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff, RAMIRO GONZALEZ, an individual, hereby prays for judgment against Defendants THE SWIG COMPANY, LLC, a Delaware limited liability company; BRITTCO WALL SYSTEMS, INC., a California corporation; MEI CHOU, an individual; MAY LUONG, an individual; and DOES 1 to 50, inclusive, and each of them, as follows:

1. For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

7

COMPLAINT FOR DAMAGES

2.      For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3.      For prejudgment interest, according to proof;

4.      For costs of suit incurred herein, according to proof;

5.      For injunctive relief the Court may deem just and proper; and

6.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff, RAMIRO GONZALEZ, an individual, hereby demands a trial by jury as to all causes of action.

Dated: November 18, 2022                                  Karns & Karns, LLP

By:      _____
         Darren T. McBratney
         Attorney for Plaintiff, RAMIRO
         GONZALEZ

---

8

COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**
*(C.C.P. §§1010.6, 1011, 1013, 1013a, 2015.5; Cal. Rules of Court, Rule 2.251(g))*

STATE OF CALIFORNIA            )
                              ) ss.
COUNTY OF LOS ANGELES         )

I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action.  I am employed with the law offices of Schumann Rosenberg & Arevalo, LLP, 3100 Bristol Street, Suite 100, Costa Mesa, CA 92626.

On March 22, 2023 I served the within document **CROSS-COMPLAINT BY THE SWIG COMPANY, LLC AND MEI CHOU** all interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ]    **MAIL** - I enclosed the documents in a sealed envelope or package addressed to the person(s) at the addresses shown. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California, in the ordinary course of business. I am aware that upon motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

[ ]    **PERSONAL SERVICE** - Nationwide Legal personally delivered the document to the person(s) listed at the addresses shown.

[ ]    **OVERNIGHT DELIVERY -** I enclosed the document in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses shown. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[X]    **ELECTRONIC SERVICE -** Based on a court order or an agreement of the parties to accept service by electronic transmission, I transmitted the document from electronic service address Savare@SchumannRosenberg.com to the person(s) at the electronic service address(es) shown.

[X]    **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 22, 2023, at Costa Mesa, California.

_____
Ashlyn Savare

**PROOF OF SERVICE**

**Service List For**
Gonzalez v. The Swig Company, LLC, et al.
**Los Angeles Superior Court Case No. 22STCV36523**

| | |
|---|---|
| Michael Karns, Esq. <br> William Karns, Esq. <br> Darren T. McBratney, Esq. <br> KARNS & KARNS, LLP <br> 800 West 6th Street, Suite 800 <br> Los Angeles, CA 90017 <br> Telephone: (310) 623-9032 <br> Fax: (310) 623-9033 <br> Email: firm@karnsandkarns.com <br> Email: darren@karnsandkarns.com <br> Email: lucy@karnsandkarns.com | Counsel for Plaintiff, RAMIRO GONZALEZ |

**PROOF OF SERVICE**

## PROOF OF SERVICE

**Gonzales vs. The SWIG Company, LLC**
**Case No. 2:23—cv—03548-FLA-MAR**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On June 12, 2023, I served the following document(s) described as **CROSS-DEFENDANT FAR WEST CONTRACTORS, CORP.'S THIRD PARTY COMPLAINT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 12, 2023, at Los Angeles, California.

_/s/ Andreea Custurea_
Andreea Custurea

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

28571568.1:05472-1257

-1-

Case No. 2:23-cv-03548 FLA (MARx)

CROSS-DEFENDANT FAR WEST CONTRACTORS, CORP.'S THIRD PARTY COMPLAINT

**SERVICE LIST**
**Gonzales vs. The SWIG Company, LLC**
**Case No. 2:23—cv—03548-FLA-MAR**

Michael Karns, Esq.
William Karns, Esq,
Darren T. McBratney, Esq.
**KARNS & KARNS, LLP**
800 W. 6th St., Ste. 800
Los Angeles, CA 90017
Tel: (310) 623.9032
Fax: (310) 623-9033
Email: karnsandkarns.com

*Attorneys for Plaintiff, RAMIRO GONZÁLEZ*

Lisa Mersereau, Esq.
Eric Arevalo, Esq.
**SCHUMANN ROSENBERG & AREVALO LLP**
3100 Bristol Street, Suite 100
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile (714) 850-0551
Email:
Arevalo@schumannrosenberg.com
Mersereau@schumannrosenberg.com
Savare@SchumannRosenberg.com

*Attorneys for Defendants/Cross-Claimants, THE SWIG COMPANY, LLC, a Delaware limited liability Company, and MEI CHOU, an individual*

James H. Vorhis, Esq.
Jill N. Jaffe, Esq.
Lindsay E. Christenson, Esq.
**NOSSAMAN LLP**
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438
jvorhis@nossaman.com
lchristenson@nossaman.com
jjaffe@nossaman.com

Frederick H. Choi, Esq.
fchoi@rlattornevs.com
9891 Irvine Center Dr., Suite 200
Irvine. CA 92618
Phone Number: (714) 709-4400

*Attorneys for Defendant/Cross-Defendant, CONSULATE GENERAL OF IRELAND - LA*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650