**SCHUMANN AREVALO LLP**
ERIC AREVALO (CSB No. 255725)
   arevalo@scarlaw.us
LISA MERSEREAU (CSB No. 202817)
   mersereau@scarlaw.us
30 Corporate Park, Suite 100
Irvine, CA 92606
Telephone (714) 850-0210
Facsimile (714) 850-0551

Attorneys for Defendant/Cross-Claimant, THE SWIG COMPANY LLC, a Delaware limited liability Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GONZALEZ, an Individual, <br><br> Plaintiff, <br><br> v. <br><br> THE SWIG COMPANY, LLC, a Delaware limited liability Company; BRITTCO WALL SYSTEMS, INC., a California Corporation; MEI CHOU, an Individual; MAY LOUNG, an Individual; and DOES 1 through 50, inclusive <br><br> Defendants. | Case No.     2:23-cv-03548-HDV-MAR <br> Judge:        Hon. Hernan D. Vera <br><br> **AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC** <br><br> **[DEMAND FOR JURY TRIAL]** <br><br> Date Action Filed: May 9, 2023 |
| THE SWIG COMPANY, LLC, a Delaware limited liability Company, <br><br> Cross-Claimant, <br> v. <br><br> CONSULATE GENERAL OF IRELAND – LA; and FAR WEST CONTRACTORS CORP., a California Corporation, <br><br> Cross-Claim Defendants. | |

-1-

**AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

COMES NOW, Defendant/Cross-Claimant, THE SWIG COMPANY LLC ("Swig"), by and through its attorneys of record, and for an Amended Cross-Claim against Defendants, CONSULATE GENERAL OF IRELAND – LA ("Consulate"), and FAR WEST CONTRACTORS, CORP. ("Far West") (hereinafter collectively "Cross-Claim Defendants"), and alleges as follows:

<u>**FIRST CLAIM FOR RELIEF**</u>

**(For Equitable/Implied Indemnity Against All Cross-Claim Defendants)**

1.     Swig is now, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Delaware with its headquarters and principal place of business located in San Francisco, California, authorized to do business and doing business as a property management company in the County of Los Angeles, California.

2.     Swig is informed and believes and thereon alleges that the Consulate is and was at all times relevant hereto an official representative of the Government of the Republic of Ireland, with its headquarters and principal place of business located at 6300 Wilshire Boulevard, Suite 1440, Los Angeles, California, authorized to do, has regularly done, and is doing, business within the County of Los Angeles, California.

3.     Swig is informed and believes and thereon alleges that Far West is and was at all times relevant hereto a California corporation with its headquarters and principal place of business located at 1031 S. Melrose St., Placentia, California, and authorized to do, has regularly done, and is doing business as a construction company in the County of Los Angeles, California.

4.     Swig is informed and believes and thereon alleges that Luong is and was at all times relevant hereto an individual residing and/or doing business in California, specifically in the County of Los Angeles, California.

5.     Swig is informed and believes and thereupon alleges that Cross-Claim

-2-

**AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC**

Defendants, and each of them, were the agents and/or employees, co-venturers, partners, or in some manner agents and/or principals for each other and acting within the course and scope of said agency and/or employment.

6. The principal action herein of Plaintiff, RAMIRO GONZALEZ ("Plaintiff") alleges, among other things, tortious conduct allegedly entitling Plaintiff to compensatory damages. Plaintiff was allegedly damaged as described in the operative Complaint on file herein, and Swig herein contends and continues to contend that it is in no way actionably liable for the events and occurrences, tortious and otherwise, alleged in Plaintiff's operative Complaint, a copy of which is attached hereto as **Exhibit "A"** for reference purposes only and is incorporated herein by reference as though fully set forth.

7. The Consulate (as tenant) leases and has leased at all times relevant hereto office space from Swig (as landlord) pursuant to a written Lease Agreement dated October 29, 2021, for the building located at 6300 Wilshire Boulevard, Los Angeles, California (the "Subject Property"). Pursuant to said Lease, the Consulate rented the leased "Premises" defined in the agreement as "Suite 1440" of Swig's building. (Lease at p. ii.) The Lease (§ 1) also provides that Tenant's lease of the Premises "shall include the right to use, in common with others and subject to the other provisions of this Lease, the public lobbies, entrances, stairs, elevators and other public portions of the Building, all as may be designated and modified by Landlord from time to time.

8. The Lease contains an indemnification provision at § 11, which provides:

> Tenant further agrees to indemnify Landlord, Landlord's agents, employees and property manager, and any such lender and defend and hold them harmless from and against all claims, damages, liabilities, causes of action, costs, and expenses (including attorneys' fees) arising out of any injury to person or damage to property occurring in, on, or about the Premises if arising due to the negligence or intentional misconduct of Tenant or its employees, except in the instance of any negligence or willful

-3-
**AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC**

misconduct on the part of Landlord, its directors, officers, employees, agents, or property manager. Tenant's obligations under this Paragraph shall survive the expiration or earlier termination of this Lease for the applicable statute of limitations period.

9.     The Lease in its § 7 ("Alternations, Mechanics' Liens"), applicable to any tenant improvement project of the Consulate, requires in relevant part:

In addition, Tenant shall require its general contractor and all subcontractors to carry and maintain the following insurance at no expense to Landlord, and Tenant shall furnish Landlord with satisfactory evidence thereof prior to the commencement of construction: (A) Commercial General Liability Insurance with limits of not less than $3,000,000 combined single limit for bodily injury and property damage, including personal injury and death, and Contractor's Protective Liability, and Products and Completed Operations Coverage in an amount not less than $500,000 per incident, $1,000,000 in the aggregate… All such insurance policies (except Workers' Compensation insurance) shall be endorsed to add Landlord, the holder of any mortgage covering the Building and Landlord's designated agents as additional insureds with respect to liability arising out of work performed by or for Tenant's general contractor, to specify that such insurance is primary and that any insurance or self-insurance maintained by Landlord shall not contribute with it, and to provide that coverage shall not be reduced, terminated, cancelled or materially modified except after thirty (30) days prior written notice has been given to Landlord.

10.     The Lease requires the Consulate to maintain insurance with specified limits and coverage that includes the Swig as an additional insured. (Lease at § 12.A.) The Lease permits the Consulate, as an agent of a foreign government, to maintain its own self-insurance program or equivalent insurance in lieu of a Commercial General Liability policy. (Lease at § 12.H.(3).)

11.     Attached to and a part of the Lease is a "Work Letter," which states in relevant part:

(c) Without limitation of the indemnification provisions contained in the Lease, to the fullest extent permitted by law, but subject to the waiver of subrogation provisions of the Lease, Tenant agrees to indemnify, protect, defend and hold harmless Landlord, Landlord's contractors and Landlord's architects and their respective partners, directors, officers, employees and agents, from and against all claims, liabilities, losses, damages and expenses of whatever nature arising out of or in connection with the negligent or

-4-

**AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC**

wrongful performance of Tenant's Work or the entry of Tenant or Tenant's Contractors into the Building and the Premises, including, without limitation, mechanics' liens or the cost of any repairs to the Premises or Building necessitated by activities of Tenant or Tenant's Contractors and death of or bodily injury to persons or damage to the property of Tenant, Tenant's Contractors and their respective employees, agents, invitees or licensees or others, except to the extent that any of the foregoing arises out of the negligence or willful misconduct of Landlord or Landlord's contractors or employees. (Lease, Ex. B, § 8(c).)

12.    On or about February 16, 2022, the Consulate entered into a contract with Far West as a general contractor acting for Consulate to perform tenant improvement construction work at the Subject Property. Far West, in turn, hired subcontractor, Brittco, to perform drywall work.

13.    Plaintiff alleges that he was injured on July 11, 2022, while he was employed by Brittco to perform drywall work at the Subject Property as a subcontractor for general contractor FarWest, and toward the Consulate's tenant improvement project at the Subject Property. Specifically, Plaintiff alleges that he attempted to move a bulletproof door which was left on a dolly. The bulletproof door was to be installed as part of the Consulate's tenant improvement construction work. The bulletproof door allegedly fell on Plaintiff's foot/leg, which allegedly resulted in Plaintiff's leg being amputated below the knee. Swig is informed and believes and based thereon alleges that Plaintiff's accident occurred in the Subject Property's lobby area, a common area of the Subject Property, pursuant to the Lease granting a non-exclusive right to the Consulate to use the Subject Property's common areas which, pursuant to that right, was being used by the Consulate's general contractor Far West and various of its subcontractors including Brittco as a "staging area" for the Consulate's tenant improvement project, and all for the benefit of the Consulate.

14.    Swig, pursuant to its rights and the Consulate's obligations under the Lease, has tendered its defense and indemnity against Plaintiff's action to the Consulate, to Far West and to various subcontractors of it, but all such tenders to date

AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC

have not been accepted. Thus, to date, the Consulate has breached its obligations under the Lease owed to Swig.

15.   If it is adjudicated that Plaintiff was damaged as alleged in his operative Complaint, which suppositions are not admitted and are denied, then Swig is informed and believes and thereupon alleges that the alleged incident and all damages complained of were caused directly and proximately by Cross-Claim Defendants and thereby breaching duties owed to Swig.

16.   That by reason of the foregoing, if Plaintiff is entitled to recover against Swig on the basis of any of the allegations alleged, which are denied by Swig, then the responsibilities of Swig, if any, are vicarious in nature and Swig, as a passive and secondary alleged tortfeasor, is entitled to judgment over and against Cross-Claim Defendants, and each of them, to the extent of such recovery by Plaintiff, in that it was the active and primary negligence of said Cross-Claim Defendants, and each of them, which caused Plaintiff to be damaged.

## SECOND CLAIM FOR RELIEF

**(For Contribution/Apportionment of Fault Against Cross-Claim Defendants)**

17.   Swig refers to and incorporates herein by reference each and every paragraph of the above First Claim for Relief as though set forth herein in full.

18.   Swig is informed and believes and thereupon alleges that each of the Cross-Claim Defendants were negligently or tortiously responsible, in whole or in part, in some proportional relation to themselves and to Swig, for the damages and losses, if any, allegedly suffered by Plaintiff. Further, that in the event Swig be judged jointly liable with Cross-Claim Defendants, each Cross-Claim Defendant herein be required to pay to Swig a sum equal to the proportionate share of monetary payments, if any there be, made to Plaintiff.

19.   Further, that if Swig is found partially responsible to Plaintiff for damages and if Swig is required to pay Plaintiff any amount in excess of the degree

**AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC**

of comparative fault of Swig, if any, then Swig is entitled to recover from Cross-Claim Defendants, and each of them, the amount of said excess paid.

## THIRD CLAIM FOR RELIEF

### (For Declaratory Relief Against All Cross-Claim Defendants)

20. Swig refers to and incorporates herein by reference each and every paragraph of the First and Second Claims for Relief as though set forth herein in full.

21. An actual controversy has arisen and exists between Swig and Cross-Claim Defendants, and each of them, for which Swig has no adequate or speedy remedy at law in that Swig asserts that it is entitled to be indemnified by Cross-Claim Defendants, and each of them, and Cross-Claim Defendants deny that Swig is entitled to such indemnification.

## FOURTH CLAIM FOR RELIEF

### (For Breach of Contract Against CONSULATE GENERAL OF IRELAND – LA)

22. Swig refers to and incorporates herein by reference each and every paragraph of the above First, Second and Third Claims for Relief as though set forth herein in full.

23. As alleged herein, Swig entered into the Lease described herein with the Consulate which contains various contractual provisions referred to above requiring the Consulate to indemnify and defend Swig arising out of and in connection with Plaintiff's alleged accident and his action as against Swig, to obtain insurance coverage with specified limits and types of coverage and to make Swig an additional insured under said insurance policies, and to cause the Consulate's general contractor (Far West) and subcontractors (including Brittco) to obtain insurance coverage with specified limits and types of coverage and to make Swig an additional insured under said insurance policies.

24. As alleged herein, the Consulate has breached its contractual obligations

-7-

**AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC**

to Swig under the Lease by failing to defend and indemnify Swig as required under the Lease; by failing to obtain insurance coverage with specified limits and types of coverage and to make Swig an additional insured under said insurance policies; and by failing to cause the Consulate's general contractor (Far West) and subcontractors (including Brittco) to obtain insurance coverage with specified limits and types of coverage and to make Swig an additional insured under said insurance policies.

25. As a direct and proximate result of the Consulate's breaches of contract, Swig has been damaged and will continue to be damaged in a sum that is currently unascertainable, but which will be established according to proof at trial.

### FIFTH CLAIM FOR RELIEF

**(For Express Indemnity Against CONSULATE GENERAL OF IRELAND – LA)**

26. Swig refers to and incorporates herein by reference each and every paragraph of the above First, Second, Third, and Fourth Claims for Relief as though set forth herein in full.

27. As alleged herein, Swig entered into the Lease described herein with the Consulate which contains various contractual provisions referred to above requiring the Consulate to indemnify and defend Swig arising out of and in connection with Plaintiff's alleged accident and his action as against Swig.

28. Plaintiff in his operative Complaint alleges that he has suffered losses and damages caused by, incident to, or growing out of the acts or omissions of the Consulate and its general contractor (Far West) and various of its subcontractors (including Brittco). Accordingly, pursuant to the Lease, Swig is entitled to be indemnified, defended, and held harmless by the Consulate.

29. Swig has fully performed all conditions, covenants, and promises required to be performed by it in accordance with the terms and conditions of the Lease with the Consulate.

**AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC**

30.     As alleged herein, the Consulate has breached its contractual obligations to Swig under the Lease by failing to defend and indemnify Swig as required under the Lease.

31.     Swig has incurred and continue to incur costs, attorneys' fees, and related expenses to defend against Plaintiff's claims asserted herein, which the Consulate is obligated to pay. Moreover, in the event of a trial on Plaintiff's claims, contentions, and allegations are established as true, Swig may be damaged as a result of the acts and omissions of the Consulate by being compelled to pay a judgment rendered in favor of Plaintiff, which judgment should, in law and equity, be paid and borne by the Consulate. Swig will also be damaged by the acts and omissions of the Consulate by being required to further incur costs of suit, including, but not limited to, costs of defense, attorneys' fees, and related expenses through trial.

32.     Swig hereby demands that the Consulate indemnify and hold Swig harmless; assume the defense of this action on behalf of Swig; take such necessary and required acts to protect Swig; and pay all claims, settlements, judgments, costs, attorneys' fees, and related expenses, pursuant to the terms of the written agreement or agreements.

WHEREFORE, Swig prays for judgment as follows:

## ON THE FIRST CLAIM FOR RELIEF

1.     For judgment over and against all Cross-Claim Defendants, and each of them, for all sums that may be adjudged against Swig in favor of Plaintiff by reason of the operative Complaint.

## ON THE SECOND CLAIM FOR RELIEF

2.     For judgment over and against all Cross-Claim Defendants, and each of them, for an amount in excess of Swig's proportionate degree of comparative fault, if any, for the damages of and/or other relief to Plaintiff, if any.

///

**AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC**

**ON THE THIRD CLAIM FOR RELIEF**

3.    That the Court determine, adjudge, declare and decree the proportionate degrees of comparative fault, if any, of each party, and that Swig is entitled to a defense and indemnification from all Cross-Claim Defendants, and each of them, for any sum or sums that Swig may come to pay by virtue of the actions brought against it on file herein, including reasonable attorneys' fees and costs of defense.

**ON THE FOURTH AND FIFTH CLAIM FOR RELIEF**

4.    For a judicial determination that the Consulate is obligated to defend and indemnify Swig for the defense of and liability to Plaintiff's underlying action, and for an award of damages according to proof.

**ON ALL CLAIM FOR RELIEF**

5.    For attorneys' fees, expert consultants' and expert witnesses' fees, and other costs of suit and disbursements incurred herein;

6.    For interest at the legal rate in regard to the costs of suit and disbursements incurred herein; and

7.    For such other and further relief as this honorable Court may deem just and proper.

DATED: December 13, 2023             **SCHUMANN AREVALO LLP**


                                     By:    _/s/ Lisa Mersereau, Esq._
                                            Eric Arevalo, Esq.
                                            Lisa Mersereau, Esq.
                                            Attorneys for Defendant/Cross-
                                            Claimant, THE SWIG COMPANY LLC

-10-

**AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 13, 2023, a copy of the foregoing **AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By */s/ Ashlyn Savare*
Ashlyn Savare

**AMENDED CROSS-CLAIM OF THE SWIG COMPANY, LLC**