UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. 2:23-cv-03548 HDV-MARx | Date January 2, 2024 |
| Title *Gonzalez v. The Swig Company, LLC, et al.* | |

Present: The Honorable  Hernan D. Vera, United States District Judge

| Charles Rojas | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **ORDER DENYING PLAINTIFF RAMIRO GONZALEZ' MOTION FOR PARTIAL REMAND [53]**

Before the Court is Plaintiff's Motion for Partial Remand. ("Motion") [Dkt. No. 53]. Plaintiff asks the Court to remand all the pending state law claims over which the Court has supplemental jurisdiction. For the reasons described below, the Court *denies* Plaintiff's Motion.

***

Plaintiff filed the present case in Los Angeles Superior Court on November 18, 2022 against The Swig Co. ("Swig"), Mei Chou, Brittco Wall Systems ("Brittco"), and May Loung.[1] [Dkt. No. 1-1]. On March 22, 2023, Defendants Swig and Chou filed an Answer and Cross-Complaint against Brittco, Far West Contractors, Corp. ("Far West"), May Loung, and the Consulate General of Ireland (the "Consulate") for indemnification, contribution, declaratory relief, and breach of

---

[1] Plaintiff has since voluntarily dismissed his claims against Brittco, Loung, and Chou. *See* [Dkt. Nos. 1-2, 1-3, 55, 57].

contract.[2] [Dkt. No. 1-4]. On April 6, 2023, Plaintiff filed a Doe Amendment adding the Consulate to his Complaint.[3]

On May 9, 2023, the Consulate properly removed the case based on 28 U.S.C. §1441(d), which gives federal courts original jurisdiction over actions against foreign states.[4] [Dkt. No. 1]. In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). All the state law claims in this case involve the liability and obligations of the various parties arising out of Plaintiff's workplace construction accident. Therefore, the Court has jurisdiction over the related claims in the case on the basis of supplemental jurisdiction.

Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In considering 28 U.S.C. § 1367(c), the Supreme Court has explained that the supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of

---

[2] Swig and Chou have since dismissed the Cross-Complaint against Brittco and Loung. *See* [Dkt. Nos. 59, 61].

[3] Plaintiff dismissed his claims against the Consulate after the case was removed, [Dkt. Nos. 30, 40], but the claims by Swig and Chou against the Consulate remain pending.

[4] "Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(d).

judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Plaintiff argues that his negligence claims predominate over Swig's cross claims against the Consulate for indemnity, contribution, breach of contract, and declaratory relief. But the Consulate's indemnification and duty to defend obligations are not an insignificant portion of this case. Moreover, the claims against the Consulate turn on many of the same facts relating to the incident as those required to evaluate Plaintiff's own claims.

After reviewing the allegations in both the Complaint and the Cross-Complaint, the Court finds that retaining jurisdiction of all claims—for now—is most consistent with the factors described above. Keeping all claims here will promote judicial economy, convenience, and fairness because it will avoid litigation on parallel state and federal tracks, and therefore avoid potentially conflicting rulings and duplication of efforts. Discovery is currently ongoing in the case and the parties have a mediation date set for early 2024; remand would disrupt both processes.

Plaintiff's Motion to Remand is denied.

**IT IS SO ORDERED.**